**BRISKMAN**

v.

**CENTRAL STATE HOSPITAL.**

Court of Appeals of Kentucky.

Jan. 29, 1954.

Benjamin Mazin, Louisville, for appellant.

Joseph P. Pike, Hensley & Logan, Louisville, for appellee.

DUNCAN, Justice.

The question presented by this appeal is whether or not the estate of Jerome M. Briskman is liable for board and maintenance furnished during his confinement at the Central State Hospital, after commitment to that institution from the Jefferson County jail.

The stipulation of facts recites that Briskman was indicted for the offense of murder and was held in jail without bond, awaiting trial. Before trial on the indictment, he was found by a jury to be a person of unsound mind and was committed to the Central State Hospital, where he has since been confined. This action was subsequently instituted by the Department of Welfare for the use and benefit of Central State Hospital to recover for his board and maintenance. The lower court rendered judgment for $2,946.

KRS 203.080(1) provides:

"When a patient has an estate which can be subject to debt, the patient shall be liable for his board and maintenance, and the department shall sue in the name of the institution and recover the amount of the patient's board at the rate fixed by the department or so much thereof as the estate will suffice to pay for the time the patient has been kept and maintained therein, if not otherwise paid for."

Appellant concedes that the state under ordinary circumstances may recover for the board and maintenance of patients confined in mental institutions if the patient has an estate which can be subjected to debt. He insists in this case, however, that the patient before his commitment was confined in jail where the state was under the legal duty to support and maintain him and that the obligation has not ended by reason of his transfer from one institution to another. Section 254, Kentucky Constitution, and Department of Welfare v. Brock, 306 Ky. 243, 206 S.W.2d 915, are relied upon.

Kentucky Constitution, Section 254, provides:

"The Commonwealth shall maintain control of the discipline, and provide for all supplies, and for the sanitary condition of the convicts, and the labor only of convicts may be leased."

In Lang v. Commonwealth, 190 Ky. 29, 226 S.W. 379, it was held that Section 254 had reference only to persons convicted of felonies and sentenced to confinement in the penitentiary as provided by Section 253, Kentucky Constitution. In Department of Welfare v. Brock, supra, we held that a person confined in the state reformatory after conviction of a felony who was subsequently transferred to a state mental institution pursuant to the provisions of KRS 202.380, subsections 1 and 2, was not liable for his board and maintenance in the

latter institution. The conclusion there reached was rested on the fact that Section 254 places a constitutional responsibility upon the state to provide for the support and maintenance of convicts, and under the specific provisions of KRS 202.380(3), the legal status of the prisoner remains the same. after his transfer to the mental institution. The latter subsection specifically provides that during the prisoner's stay in a state hospital or institution for feeble-minded his legal status as a prisoner shall remain unchanged until termination of his sentence and the time spent in the state hospital or institution for feeble-minded shall be counted as a part of his prison sentence.

We have an entirely different situation here. The appellant, prior to his commitment, was held in jail only as security for his future appearance to answer the indictment pending against him. It is true the jailer had the statutory responsibility under KRS 71.040 to treat him humanely and furnish him with proper food and lodging during his confinement, and the state had the statutory responsibility under KRS 64.150(3) to pay the jailer a stated fee for providing such food. This responsibility continued only during appellant's confinement in jail and ended after his commitment to the state hospital. The state was under no more responsibility to provide board and maintenance in the hospital, except as a charity patient, than was the jailer to furnish food after his transfer to the latter institution.

The fact that the commitment to the hospital does not expiate the crime with which appellant is charged and that in the event of his recovery he is to be redelivered to the court in which the criminal charge is pending is of no significance. Appellant is not a convict as that term is used in Section 254 of the Constitution and he is not a prisoner within the meaning of KRS 202.380(3). His estate is liable for his board and maintenance in the state hospital, and the lower court properly so adjudged.

The judgment is affirmed.