COMMONWEALTH of Kentucky ex rel. Patrick H. MOLLOY, Commonwealth Attorney, Fayette County, Kentucky, Petitioner,

v.

N. Mitchell MEADE, Judge, Fayette Circuit Court, Respondent.

Court of Appeals of Kentucky.

May 4, 1977.

**400**

Patrick H. Molloy, pro se.

N. Mitchell Meade, pro se.

OPINION AND ORDER GRANTING
PETITION FOR WRIT OF
PROHIBITION

Before MARTIN, C. J., and PARK and
GANT, JJ.

GANT, Judge.

On April 7, 1977, Daryl Ray Driver, was
received at LaGrange Reformatory to com-
mence serving a ten-year sentence on a
conviction from the Fayette Circuit Court

on the charge of Trafficking in Heroin. On
April 8, 1977, Andrew Kane was received at
LaGrange Reformatory to commence serv-
ing a five-year sentence from the Fayette
Circuit Court on a conviction of Theft by
Unlawful Taking. Thereafter, on April 19,
1977, the Respondent issued an order direct-
ing the Warden of the Reformatory to re-
lease each of these men on their own recog-
nizance and ordered them to appear in the
Fayette Circuit Court on April 22, 1977, for
the purpose of hearing a motion for shock
probation. The Commonwealth, on relation
of the Commonwealth Attorney of Fayette
County, immediately filed a petition for
writ of prohibition in this Court, seeking an
order preventing the Respondent from re-
leasing each of said subjects prior to the
period provided by *Ky.Rev.Stat.* 439.265.

The statute in question provides that un-
der these circumstances no defendant may
be released earlier than 30 days nor later
than 60 days after he has been delivered to
the keeper of the institution to which he
has been sentenced, either on his own mo-
tion or on the court's motion.

An order staying the order of the Respon-
dent was entered herein on April 20, 1977.

In his return to the petition, the
Respondent relies upon several grounds.
First, he relies on *Ky.Rev.Stat.* 23.035.
This is merely a statute providing a method
for both the circuit court or the appellate
courts to reverse, vacate or modify a judg-
ment and is subject to the Rules of Civil
Procedure. The statute is usually applied
when one party attempts a direct appeal
without a previous ruling by the circuit
court on a motion for new trial and in any
event the time limits established by the
Civil Rules are always applicable.

The Respondent further relies upon the
cases of *Commonwealth v. Kazee,* Ky., 252
S.W.2d 20 (1952) and *Bax, Sheriff v. Fletch-
er,* Ky., 261 S.W.2d 662 (1953). Both of
these cases were predicated upon *Ky.Rev.
Stat.* 451.130(1) and we feel sure that the
Respondent must know that this statute
was repealed 25 years ago and Chapter 59
of the Rules of Civil Procedure substituted
therefor. The present Civil Rules provide
for retention over a judgment for a period

of ten days and not 60 days and the ten days herein had elapsed. Nor do we intend by this opinion to indicate that the court may utilize the provisions of shock probation as provided by *Ky.Rev.Stat.* 439.265 within this ten-day period.

■ It is the opinion of this Court that the case of *Commonwealth of Kentucky ex rel. Hancock v. Melton,* Ky., 510 S.W.2d 250 is dispositive of the issue here. The headnotes in that case recite:

Probation order under statute authorizing probation on court's own motion must be entered within the 30-day period commencing 30 days after delivery of defendant to penitentiary.

■ This opinion is not intended in any way to infringe upon the powers of the court to retain control of their judgments for the period provided by the Rules of Civil Procedure. Had the respondent placed the defendants herein in the Fayette County Jail for a period not to exceed ten days, it would clearly be within his power to subsequently probate said defendants. However, once the defendants are committed to the penal institution, it is our opinion that *Ky. Rev.Stat.* 439.265 is controlling and must be complied with.

The petition for writ of prohibition is granted.

All concur.