**KENTUCKY UNEMPLOYMENT INSURANCE COMMISSION and Kentucky Cabinet for Human Resources, Division of Unemployment Insurance, Appellants,**

**v.**

**KACO UNEMPLOYMENT INSURANCE FUND, INC., on Behalf of Franklin Simpson Memorial Hospital, Harlan County Solid Waste Disposal, Warren County Fiscal Court, Cynthiana Public Library, and Grant County Fiscal Court, Appellees.**

No. 89–CA–1853–MR.

Court of Appeals of Kentucky.

July 27, 1990.

Randall K. Justice, Frankfort, for appellants.

Eugene F. Mooney, Matthew L. Mooney, Mooney, Mooney & Mooney, Lexington, for appellees.

Before HOWERTON, C.J., and HOWARD and MCDONALD, JJ.

HOWERTON, Chief Judge.

The Kentucky Unemployment Insurance Commission (KUIC) and the Cabinet for Human Resources, Division of Unemployment Insurance appeal from a judgment of the Franklin Circuit Court reversing the decision of the KUIC. The court found that unemployment benefits for former employees of Franklin Memorial Hospital, Harlan County Solid Waste Disposal, Cynthiana Public Library, Grant County Fiscal Court, and Warren County Fiscal Court are to be charged to the pooled account under KRS 341.550(2) and not charged to these reimbursing employers. KUIC and the Division argue that by choosing to become reimbursing employers, the local government entities elected not to participate in the contribution rate system of which the pooled account is an account therein, that KRS 341.550(2) should not be interpreted to bring about an absurd or unreasonable result, and that KRS 341.530(3) prohibits charges against the pooled account for Division overpayments to former employees of reimbursing employers. We have carefully considered each allegation of error and, although we are to some extent troubled by the result, we find no error by the trial court. We affirm.

The Hospital, Solid Waste Disposal, Fiscal Courts, and Library are reimbursing governmental employers. KRS 341.277 allows governmental employers to elect to reimburse the Division of Unemployment Insurance for benefits paid to their former employees in lieu of paying contributions. The five reimbursing employers are members of the Kentucky Association of Counties, which administers the quarterly reimbursement of benefit payments made by the Division to the reimbursing employers' former employees.

Former employees of the reimbursing employers had filed for unemployment insurance benefits during 1985 to 1987. The Division made initial determinations that each employee was entitled to benefits. It paid the benefits, charged the reimbursing employers, and was reimbursed by the employers. Each reimbursing employer notified the Division that the initial determination was erroneous and challenged the determination. The Division reversed the initial determination and held that each claimant was disqualified from receiving benefits and that the benefits constituted over-

payments. The Division sought recoupment from the claimants and obtained some repayment of the benefits from them. In mid–1987 the Division ceased recoupment efforts against the claimants, reversed credits given the reimbursing employers, returned recouped monies to the claimants, and began seeking reimbursement from the reimbursing employers.

The reimbursing employers refused to pay and obtained review of the Division's administrative determination by the Commission. The Commission affirmed the administrative determinations as to the five applications for review. The Commission's rulings were appealed to the Franklin Circuit Court which ruled the Commission was in error as a matter of law, and reversed and set aside the Commission's orders.

█ The Commission first argues the reimbursing employers elected not to participate in the contribution rate system. The Commission further contends the reimbursing employers do not participate in the pooled account and therefore are not entitled to benefit from KRS 341.550(2). We disagree. KRS 341.550(2) provides:

> *Any benefits paid through error shall be charged against the pooled account.* The repayment of benefits paid erroneously as provided in subsection (1) of KRS 341.415 shall be credited to the pooled account. The pooled account shall be credited with any sums deducted from future benefits as provided in KRS 341.415. (Emphasis added.)

Recovery is provided for in KRS 341.-415(1) as follows:

> Any person who has received any sum as benefits under this chapter ... while any condition for the receipt of such benefits was not fulfilled ... shall, in the discretion of the secretary, either have such sum deducted from any future benefits payable to him under this chapter or repay the department for the fund a sum equal to the amount received by him. If after due notice the recipient of such sum fails to remit or arrange for remittance of the sum, the sum may be collected in the manner provided in subsection (2) of KRS 341.300 for collection of past

due contributions and *any sums so collected shall be credited to the pooled account.* Unless there has been a false statement, misrepresentation, or concealment of material information by a recipient of benefits, *there shall be no recoupment or recovery of an improperly paid benefit, except by deduction from any future benefits payable to him under this chapter, if the benefit was paid as a result of departmental error. For purposes of this section, overpayments as a result of a reversal of entitlement to benefits in the appeal or review process shall not be construed to be the result of departmental error.* (Emphasis added.)

The trial court's judgment was correct when it provided that KRS 341.550(2) mandates that *any* benefits paid by the department through error shall be charged against the Pooled Account. There are no qualifications or exceptions to this term. Chapter 341 establishes an unemployment insurance fund consisting, *inter alia*, of "all contributions, *payments in lieu of contributions,* and money collected under this Chapter, except fines, penalties, and interest on delinquent contributions collected under KRS 341.300." The defendant Division in administering the unemployment insurance fund is required by KRS 341.040 to establish and maintain a "reserve account" for all employers covered under KRS 341.530 and .540 and a "Pooled Account" pursuant to KRS 341.550. Benefits incorrectly or wrongfully paid to a claimant by a Division error are to be recouped by the Division and paid over into the Pooled Account. However, benefits paid through departmental error are not recoupable unless those benefits are paid based upon a false statement, misrepresentation or material concealment of facts by the claimant. KRS 341.415. (Emphasis in original.)

█ If the words of the statute are plain and unambiguous, the statute must be applied to those terms without resort to any construction or interpretation. *Delta Air Lines, Inc. v. Commonwealth, Reve-*

*nue Cabinet,* Ky., 689 S.W.2d 14 (1985). We must interpret the statute according to the intent of the legislature. *Gateway Construction Company v. Wallbaum,* Ky., 356 S.W.2d 247 (1962). We believe the trial court's ruling correctly interprets the statute and the intent of the General Assembly.

KUIC and the Division next argue that KRS 341.550(2) should not be interpreted to bring about an absurd or unreasonable result. In *Holy Cross Hospital v. Maryland Employment Security Administration,* 288 Md. 685, 421 A.2d 944, 950 (1980), that court stated that holding nonprofit organizations responsible for "errors and machinations" could result in the "potentially absurd result" of their being liable for "many thousands of dollars." The Maryland court continued, "We realize full well that the result of this decision may be to impose the loss upon the fund to which regular employers contribute. However, when the loss is spread out over all of the contributing employers, it will have but an infinitesimal effect upon any single employer." 421 A.2d at 951. *See also, Mississippi Employment Security Commission v. City of Columbus,* 424 So.2d 553 (Miss. 1982). Indeed, to reach a different result in this case would put a 100 percent burden on any reimbursing employer when the Division erroneously overpays its employee.

We realize that the majority of funds in the pooled account are payments by contributing employers. However, we do not believe affirming the trial court's reversal of the Commission leads to an absurd result or one that is unreasonable. The trial court's ruling is firmly grounded in the statutory language and scheme of the unemployment insurance act. To reach a different result, the statute must be amended.

The Commission and Division's last argument is that KRS 341.530(3) prohibits using the pooled account to relieve reimbursing employers from repaying Division overpayments to their employees. KRS 341.-530(3) reads:

Notwithstanding the provisions of subsection (2) of this section, *benefits paid to an eligible worker and chargeable to an employer's reserve account under such subsection shall be charged against the pooled account* if such worker was discharged by such employer for misconduct connected with his most recent work for such employer, voluntarily left his most recent work with such employer without good cause attributable to the employment, or such employer has continuously employed the worker without significant interruption since the end of the worker's base period and in the week with respect to which benefits are paid, wages and employment are provided to the worker by such employer to the same extent as during the base period, and the employer within a reasonable time, as prescribed by regulation of the secretary, notifies the department, in writing, of the alleged voluntary quitting, discharge for misconduct or continuing employment; provided, however, that *no employer making payments to the fund in lieu of contributions shall be relieved of charges by reason of this subsection.* (Emphasis added.)

KUIC and the Division contend that the proviso at the end of subsection (3) prohibits the pooled account being charged for benefits paid in error by the Division to disqualified former employees of reimbursing employers. The proviso can only be sensibly read as a part of that subsection, and may not be used to alter the language of the other subsections of the statute. Under this section, a reimbursing employer is not relieved of the direct financial responsibility to the Division just because the former employee voluntarily quit, was discharged for misconduct, or continued employment. However, we do not believe this subsection applies to situations where benefits were paid to a former employee of a reimbursing employer due to departmental error.

Finally, the reimbursing employers state that under the clear and plain provisions of KRS 341.277, the Division does not have authority to collect, and they are not liable, for "departmental error" benefits. In light of our decision, and the concern of whether this issue is properly before us, we need

not consider this point. Furthermore, since the reimbursing employers failed to seek the certification of a class action at the administrative or trial court level, we need not entertain their brief statement requesting a remand for consideration of whether a class of reimbursing employers should be formed to recover from the Division for all unauthorized "departmental error" overpayments.

The judgment of the Franklin Circuit Court is AFFIRMED.

All concur.