George E. ESTIS, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 92–CA–2065–MR.

Court of Appeals of Kentucky.

Nov. 5, 1993.

**318**

James Paul Brannon, Paris, for appellant.

Chris Gorman, Atty. Gen., Scott C. Sutherland, Asst. Atty. Gen., Frankfort, for appellee.

Before HUDDLESTON, JOHNSON and WILHOIT, JJ.

WILHOIT, Judge.

■ This is an appeal from a conviction pursuant to a conditional plea of operating a motor vehicle while his license was suspended for driving under the influence ("DUI"), third offense, under KRS 189A.090(2)(c). The plea was conditioned upon this appeal to determine whether the appellant could be convicted as a third offender when his two previous convictions were both first offenses which are Class B misdemeanors and he has not yet been convicted of the Class A misdemeanor of a second offense of operating a motor vehicle while his license was suspended.

The facts indicate that the appellant was convicted of driving while his license was suspended for DUI on April 17, 1990, July 9, 1990, and July 14, 1992. The first two convictions were prosecuted and disposed of as first offenses. The prosecutor was not aware of the April 17, 1990, conviction when the appellant was prosecuted a second time for driving while his license was suspended for DUI. When he was arrested on the most recent occasion for driving while his license was suspended for DUI, he was charged with a third offense. The circuit court denied the appellant's motion to dismiss and he entered a conditional plea under RCr 8.09. KRS 189A.090 provides in pertinent part as follows:

> (1) No person shall operate a motor vehicle while his license is revoked or suspended for violation of KRS 189A.010....

> (2) Any person who violates subsection (1) of this section shall:

>> (a) For a first offense, be guilty of a Class B misdemeanor;

>> (b) For a second offense, be guilty of a Class A misdemeanor;

>> (c) For a third or subsequent offense, be guilty of a Class D felony....

The appellant argues that the Bourbon Circuit Court erred in ruling that he could be convicted of a third offense under KRS 189A.090(2)(c) when he was never convicted of a second offense. The Commonwealth states that KRS 189A.090 is unambiguous and creates a single offense for which the penalties are enhanced for prior convictions. We would question this view inasmuch as the commission of subsequent offenses results not only in enhanced penalties but in the character of the offense which changes from a Class B misdemeanor for the first offense to a Class D felony for third and subsequent offenses. Plainly a felony which is an indictable offense is of quite a different character from a misdemeanor. Nevertheless we believe the appellant was properly charged.

■ It seems clear from the language of the statute that the legislative intent is to raise the seriousness of the offense as well as the punishment based on the number of times a defendant has committed the offense of operating his motor vehicle while his license is suspended or revoked. We can find no intent that a defendant must first be convicted of the Class A misdemeanor for the second such offense before he can be convicted of the Class D felony. He need only be shown to have been previously convicted of two or more violations of subsection (1) of

KRS 189A.090. We agree with the trial court that there is nothing in *Toppass v. Commonwealth,* Ky.App., 799 S.W.2d 587 (1990), to prevent the appellant from being prosecuted as a Class D felon. The problem in that case was that the defendant there had only one prior conviction for violating the precise language of KRS 189A.010(1). Likewise, we find no merit in the appellant's argument that the Commonwealth is collaterally estopped from prosecuting him as a third offender because his second previous offense was prosecuted and disposed of as a first offense. However, the collateral estoppel argument fails because that doctrine applies to a "different case between the same parties with either, (1) factual determinations arising out of the same situation, or, (2) closely similar questions of law." *Ward v. Southern Bell Telephone & Telegraph Co.,* Ky., 436 S.W.2d 794, 796 (1968), *overruled on other grounds in Commonwealth, Dep't. of Transp., Bureau of Hwys. v. Louisville Gas & Electric Co.,* Ky., 526 S.W.2d 820, 822 (1975). Insofar as we can determine, the question of whether the appellant was factually guilty of one prior offense was never determined or even litigated in the proceeding which resulted in his second conviction. The circuit court did not err by denying the appellant's motion to dismiss the third offense indictment. The judgment is affirmed.

All concur.