John **TERHUNE**, Appellant,

v.

**COMMONWEALTH of Kentucky**,
Appellee.

No. 94–CA–001046–MR.

Court of Appeals of Kentucky.

Oct. 13, 1995.

Frank W. Heft, Jr., Daniel T. Goyette, Louisville, for appellant.

Chris Gorman, Attorney General, Dina Abby Jones, Assistant Attorney General, Criminal Appellate Division, Frankfort, for appellee.

Before LESTER, C.J., and HOWERTON and JOHNSON, JJ.

JOHNSON, Judge.

John Scott Terhune (Terhune) appeals an order entered April 13, 1994, by the Jefferson Circuit Court which denied his motion for shock probation pursuant to Kentucky Revised Statutes (KRS) 439.265. We reverse and remand.

On July 22, 1992, Terhune pled guilty to one count of first-degree burglary (KRS 511.020), two counts of second-degree burglary (KRS 511.030), and one count of receiving stolen property over $100 [1] (KRS 514.110) under Indictment 92–CR–0370 in Jefferson Circuit Court, Division 15. Upon recommendation by the Commonwealth, he was sentenced by Judge Kenneth Conliffe on September 9, 1992, to thirteen years on the first-degree burglary charge, ten years on the two charges of second-degree burglary, and five years on the receiving stolen property charge, all to be served concurrently for a total of thirteen years in prison.

On December 9, 1992, Terhune pled guilty to one count of first-degree burglary and two counts of second-degree burglary under Indictment 92–CR–1464 in Jefferson Circuit Court, Division 9. He was sentenced by Judge William L. Knopf on January 27, 1993, in accordance with the recommendation of the Commonwealth, to ten years in prison on each of the three counts to be served concurrently with each other, but consecutively to the thirteen-year sentence imposed under the previous indictment in Division 15.

On January 21, 1993, Terhune moved for shock probation on his thirteen-year sentence in Division 15, but his motion was subsequently denied by Judge Conliffe on July 16, 1993. He thereafter filed a motion for shock probation on his ten-year sentence in Division 9 on July 19, 1993, and Judge Knopf

---

1. KRS 514.110 was amended effective July 15, 1994, to raise the threshold for Class D felony status to property having a value of $300 or more. 1994 Ky.Acts 314 § 1; 1994 Ky.Acts 396 § 9.

denied his motion as premature on September 13, 1993, because Terhune had not yet served any time on the sentence in the Division 9 case since it was to be served consecutively to the thirteen-year sentence imposed by Division 15.

On January 3, 1994, Judge Knopf reconsidered his denial of Terhune's shock probation motion and conducted a hearing at which Terhune submitted documents from the Kentucky Department of Corrections stating that his parole eligibility was calculated on the basis of his total service of twenty-three years in prison and he would thus be eligible for parole on October 17, 1996. The Commonwealth countered by arguing that Terhune's ten-year sentence must be served consecutively to his thirteen-year sentence pursuant to KRS 533.060(3)[2] because he committed the offenses charged in the second indictment while he was awaiting trial on the first indictment. Because Terhune had not served any time on the ten-year sentence, the Commonwealth contended that he was not eligible for shock probation under KRS 439.265. While noting that Terhune's parole eligibility did not affect his shock probation eligibility, the Commonwealth argued in the alternative that if his imprisonment was to be considered a single term of twenty-three years, Terhune had already been denied shock probation by Judge Conliffe on July 16, 1993, and could not pursue the same remedy in Judge Knopf's court.

On January 25, 1994, Judge Knopf signed an agreed order which required the Department of Corrections to calculate the dates when each of Terhune's sentences began and ended. Moreover, the Commonwealth waived the time limit specified by KRS 439.265 for the consideration of Terhune's shock probation motion. In compliance with the order, the Department of Corrections advised Judge Knopf that Terhune was serving consecutive sentences of thirteen years under the first indictment and ten years under the second indictment for a total sentence of twenty-three years. The minimum

expiration date for the thirteen-year sentence was determined to be January 15, 2002.

On March 10, 1994, Terhune filed a motion to reconsider the earlier denial of his shock probation motion, and a hearing was conducted before Judge Knopf on April 11, 1994. Terhune maintained that, based upon the Department of Corrections' calculations, he was eligible for shock probation on the ten-year sentence thirty days after he was sentenced by Judge Knopf. The Commonwealth argued that Terhune had not yet begun to serve his ten-year sentence because it was to be served consecutively to the previous thirteen-year sentence, and he was thus not eligible for shock probation.

On April 13, 1994, Judge Knopf entered an order denying Terhune's motion for shock probation as premature and, relying upon the Department of Corrections' calculated minimum expiration date for Terhune's thirteen-year sentence, stated that he would not be eligible for shock probation on his ten-year sentence until January 15, 2002. This appeal followed.

KRS 439.265(1) provides:

Subject to the provisions of KRS Chapter 439 and Chapters 500 to 534, any Circuit Court may, upon motion of the defendant made not earlier than thirty (30) days nor later than one hundred eighty (180) days *after the defendant has been incarcerated in a county jail following his conviction and sentencing pending delivery to the institution to which he has been sentenced, or delivered to the keeper of the institution to which he has been sentenced,* suspend the further execution of the sentence and place the defendant on probation upon terms the court determines (emphasis added)....

▪ The Commonwealth initially argues that Terhune is not entitled to review of Judge Knopf's denial of his shock probation motion because KRS 439.265(2) expressly states in relevant part: "Any court order

**2.** KRS 533.060(3) provides:

When a person commits an offense while awaiting trial for another offense, and is subsequently convicted or enters a plea of guilty to the offense committed while awaiting trial, the sentence imposed for the offense committed while awaiting trial shall not run concurrently with confinement for the offense for which the person is awaiting trial.

granting or denying a motion to suspend further execution of sentence is not reviewable." This argument is without merit. In *Commonwealth ex rel. Hancock v. Melton,* Ky., 510 S.W.2d 250, 252 (1974), the former Court of Appeals addressed the same question and held:

> We think it is obvious that this provision of the statute refers to a review *on the merits* of an order granting or denying a motion for probation. It does not, and could not constitutionally, deprive this court of its power *to determine whether an order was* within the *jurisdiction* of the circuit court as being within the authority granted by the statute (emphasis original).

Therefore, we shall consider the merits of Terhune's appeal.

■ Kentucky courts require strict compliance with the time limits imposed by KRS 439.265(1) for filing a motion for shock probation. *See Commonwealth ex rel. Molloy v. Meade,* Ky.App., 554 S.W.2d 399, 401 (1977); *Commonwealth ex rel. Hancock,* 510 S.W.2d at 252. The time limits of KRS 439.265(1) are calculated from one of two events: (1) when "the defendant has been incarcerated in a county jail following his conviction and sentencing pending delivery to the institution to which he has been sentenced," *or* (2) when the defendant is "delivered to the keeper of the institution to which he has been sentenced...." The plain and unambiguous language of KRS 439.265(1) expresses that the operation of the time limits for filing a motion for shock probation is based on the date when a defendant is delivered into the hands of his jailer, not when he begins to serve the particular sentence for which he was convicted. "If the words of the statute are plain and unambiguous, the statute must be applied to those terms without resort to any construction or interpretation." *Kentucky Unemployment Insurance Commission v. Kaco Unemployment Insurance Fund, Inc.,* Ky.App., 793 S.W.2d 845, 847 (1990), *citing Delta Air Lines, Inc. v. Commonwealth, Revenue Cabinet,* Ky., 689 S.W.2d 14 (1985).

Terhune was initially remanded to the custody of the Jefferson County Jail on September 9, 1992, the date upon which Judge Conliffe sentenced him to thirteen years in prison for his conviction under the first indictment. He was subsequently delivered to the Kentucky State Reformatory at LaGrange, Kentucky. Terhune filed for shock probation on his thirteen-year sentence on January 21, 1993, which was within the time period required by KRS 439.265(1), and his motion was denied by Judge Conliffe on July 16, 1993.

■ Terhune pled guilty to the second indictment on December 9, 1992, and received a ten-year sentence on January 27, 1993. This second conviction is separate from the first and for the purposes of applying KRS 439.265 must be so treated. When Terhune was returned to prison on January 27, 1993, the purpose was twofold: (1) he was being returned based on the unexpired first sentence; and (2) regardless of the first sentence, he was being incarcerated on the second sentence. While Terhune on January 27, 1993, did not receive any credit toward the service of the second sentence, on that date under KRS 439.265(1) he was "delivered to the keeper of the institution to which he had been sentenced." The Legislature has chosen not to deny a defendant consideration of shock probation on a second or subsequent sentence. The plain and unambiguous language of KRS 439.265(1) refers to the 30–to–180–day time period following a defendant's conviction and sentencing. It places no qualifications on whether that sentence was a subsequent sentence. The decision of whether to grant shock probation to a defendant who has already served a portion of a previous sentence is left to the sound discretion of the trial judge. Accordingly, the July 19, 1993 motion was timely filed, and this matter is reversed and remanded for consideration of that motion.

LESTER, C.J., concurs.

HOWERTON, J., dissents.