**KENTUCKY COUNTY JUDGE/EXECUTIVE ASSOCIATION, INC.; Gallatin County, Kentucky; Hart County, Kentucky; Kenton County, Kentucky; Larue County, Kentucky; and Shelby County, Kentucky, Appellants,**

v.

**COMMONWEALTH of Kentucky, JUSTICE CABINET, DEPARTMENT OF CORRECTIONS; Commonwealth of Kentucky, Finance and Administration Cabinet; and A.B. Chandler III, Attorney General of Kentucky, Appellees.**

No. 95–CA–003062–MR.

Court of Appeals of Kentucky.

Aug. 23, 1996.

F. Keith Brown, Pike Legal Group, Shepherdsville (briefed and argued), David A. Pike, Pike Legal Group, Shepherdsville, (briefed), for Appellants.

Barbara W. Jones, Justice Cabinet, Frankfort (briefed and argued), for Appellees.

Before GUDGEL, HUDDLESTON and SCHRODER, JJ.

## *OPINION*

HUDDLESTON, Judge.

██ Kentucky County Judge/Executive Association, Inc. and Gallatin, Hart, Kenton, Larue and Shelby Counties, Kentucky (hereinafter "KCJEA"), brought an action for declaratory judgment seeking an interpretation of Ky. Const. § 254. Based upon KCJEA's own interpretation of § 254, it also sought an order in the nature of mandamus requiring the Commonwealth to reimburse its expenses for housing convicted felons in county jails pending their transfer to a state penitentiary before the five-day lapse between sentencing and liability to pay currently endorsed in Ky.Rev.Stat. (KRS) 431.215(2). Franklin Circuit Court granted the Commonwealth's motion for judgment, and this appeal followed.

Ky. Const. § 254 provides:

**Control and support of convicts— Leasing of labor.**—The Commonwealth shall maintain control of the discipline, and provide for all supplies, and for the sanitary condition of the convicts, and the labor only of convicts may be leased.

KCJEA argues that the term "convicts" as used in this constitutional provision means one who has confessed in open court to a felony, one who has pled guilty to a felony, or one who has a jury verdict of guilt returned on an indictment for a felony.[1]

---

1. The definition of "convict" or "conviction" is one that has plagued the courts in many different circumstances. At common law, the label carried with it consequences such as corruption of blood and civil death. *See* 21A Am.Jur.2d *Criminal Law* § 1022 (2d ed.1981). Although these repercussions have been eradicated or relaxed in many jurisdictions, including Kentucky, other effects of the categorization as a convict remain for both the individual and the state. *Id.* One such

The language of § 254 has been construed in other cases, and those cases prove helpful here. For instance, in *Lang v. Commonwealth*, 190 Ky. 29, 226 S.W. 379 (1920), a case concerning whether the Commonwealth was obligated to pay for all expenses of juveniles kept in the House of Reform, the Court said that:

> [Section 254] of the Constitution immediately follows section 253, which deals altogether with persons who are convicted of felonies and sentenced to confinement in the penitentiaries, and provides for their confinement at labor within the walls of the penitentiaries....

> We are of the opinion that section 254, *supra*, has no reference and is not to be applied to the inmates of the House of Reform, but applies to the *persons convicted of felonies and sentenced to confinement in the penitentiary* as provided by section 253, *supra*, which in point of sequence was placed just preceding section 254....

*Lang v. Commonwealth*, 226 S.W. at 382 (Emphasis supplied).

*Briskman v. Central State Hosp.*, Ky., 264 S.W.2d 270 (1954), is to the same effect as *Lang*. 264 S.W.2d at 271. *Briskman* considered whether a defendant who had been charged with murder and held in jail without bond, but committed to Central State Hospital before a trial was conducted, qualified as a convict under Ky. Const. § 254. In holding that the defendant was not a convict as connoted in § 254, the Court noted that the Constitution requires a sentence to the penitentiary to classify the defendant as a convict. 264 S.W.2d at 272. The court's opinion also recognizes that § 254 imposes "a constitutional responsibility upon the state to pro-

vide for the support and maintenance of convicts." 264 S.W.2d at 272.

More recently, the Supreme Court interpreted § 254 in light of the time lapse between the day of the entry of judgment of a felony conviction when the prisoner is lodged in the county jail and the subsequent transfer to a state facility. In that opinion the Court stated that convict "means 'persons convicted of felonies and sentenced to confinement in the penitentiary as provided by Section 253, Kentucky Constitution.'" *Campbell County v. Commonwealth, Kentucky Corrections Cabinet*, Ky., 762 S.W.2d 6, 7 (1988) (quoting *Briskman, supra* at 271).

From this examination of case law interpreting § 254, it is clear that the word "convicts" in this provision of the Constitution means one who is convicted *and* sentenced to a state facility for a felony. A sentence and judgment have been recognized in Kentucky as being essentially the same. *See Lovelace v. Commonwealth*, 285 Ky. 326, 147 S.W.2d 1029, 1033 (1941). Thus, KCJEA's assertion that "convicts" as used in Ky. Const. § 254 means one who has confessed or pled guilty or one who has been found guilty by a jury must fail.

■ In the alternative, KCJEA contends that a person becomes a convict when the judgment or sentence on the confession, plea or verdict is entered in the court record. On this basis, KCJEA argues that KRS 431.215(2) is unconstitutional because it contravenes Ky. Const. § 254's mandate that the Commonwealth is responsible for the upkeep of prisoners committed to its institutions by permitting the state five days of leeway between entry of the judgment and liability to pay the counties for the prisoner's room and board. KRS 431.215(2) reads:

consequence is the question of who shall pay for the room and board of convicts; the people of the state as a whole or some other unit of the people?

The definition of "convict," (or "conviction") has a meaning dual in nature: "The word 'conviction' has two meanings: its ordinary or popular meaning, which refers to a finding of guilt by plea or verdict, and its legal or technical meaning, which refers to the final judgment entered on plea or verdict of guilty. In some legal contexts, the word may appear in its popular sense,

although in others the strict sense is used and a verdict or plea of guilty is not a conviction until a judgment has been entered." (Footnotes omitted.) 21A Am.Jur.2d *Criminal Law* § 1024 at 568 (2d ed.1981). Kentucky law recognizes the equivocal nature of these terms and has held that the meaning implicated depends upon the particular statute in question. *See Commonwealth v. Reynolds*, Ky., 365 S.W.2d 853, 854 (1963); *Dial v. Commonwealth*, 142 Ky. 32, 133 S.W. 976, 976 (1911); *Grace v. Commonwealth*, Ky.App., 915 S.W.2d 754, 755 (1996).

When the judgment imposes a sentence of death or confinement in the penitentiary, the county in which the prisoner is incarcerated shall receive from the state treasury a fee per day beginning on the fifth day following the day on which judgment was rendered and ending the day that the defendant is delivered to the penitentiary. The fee shall be paid to the county treasurer for use for the incarceration of prisoners as provided in KRS 441.025.

The Commonwealth makes a two-fold response to this argument: (1) it contends that *Campbell County v. Commonwealth, Kentucky Corrections Cabinet, supra,* approved the five-day period by holding that it is a "reasonable accommodation" for the sheriff to comply with KRS 431.215(1) requiring the transmission of the commitment order and other administrative activities, and (2) the five-day period is reasonable in light of other statutes providing for reimbursement from the Commonwealth to the county jails. We disagree with both arguments.

*Campbell County, supra,* while it did find the five-day period to be a reasonable accommodation for the sheriff to comply with the physical transfer of a felon effectuated through KRS 431.215(1), did not speak to, nor decide, the question presented in this appeal. 762 S.W.2d at 8. The precise question the Court considered was how long a prisoner, convicted of a felony and sentenced to commitment in a state penitentiary, may be held in the county jail before being transferred to the state institution under Ky. Const. § 254. The question presented in that case was one concerning the physical location of a prisoner; the question here is, regardless of the physical location of a convict, what entity is financially responsible for his or her upkeep?

■ The Commonwealth's second argument, that KRS 431.215(2) is reasonable in light of other statutes' scheme of reimbursement, is likewise unpersuasive. A similar argument was made in *Campbell County* and rejected. 762 S.W.2d at 8. We do not examine the constitutionality of a particular statute based upon what other statutes exist. A statute is analyzed in light of the constitutional provision to which it relates.

■ Constitutional mandates, such as the one contained in § 254 that the state has the responsibility to care for prisoners sentenced to a state facility, cannot be waived. *Campbell County, supra* at 9. Determining the edict of the Constitution requires the application of rules of construction, a cardinal one being:

[T]o interpret a constitutional provision according to what was said and not what might have been said; according to what was included and not what might have been included.... "Neither legislatures nor courts have the right to add to or take from the simple words and meaning of the constitution." ... When the words used express a meaning clearly, distinctly and completely, there is no occasion to have recourse to implication or conjecture by which words are interpolated.

*Pardue v. Miller,* 306 Ky. 110, 206 S.W.2d 75, 78 (1947) (quoting *Jefferson Cty. v. Jefferson Cty. Fiscal Court,* 273 Ky. 674, 117 S.W.2d 918, 924 (1938)).

We believe that this rule of construction as applied to Ky. Const. § 254 and KRS 431.215(2) answers the question of when the Commonwealth is obligated to reimburse counties for the detention of felony convicts. Since one is defined as a convict under § 254 at the time sentence is imposed, the Commonwealth must accept responsibility for the financial burdens at that time unless § 254 may be read to allow a reasonable time to comply. The language of this section of our Constitution does not permit such a construction. It is straightforward in stating that it is the Commonwealth's obligation to support convicted felons sentenced to a state penal institution. *See also, Briskman, supra* 264 S.W.2d at 272; *Department of Welfare v. Brock,* 306 Ky. 243, 206 S.W.2d 915, 917 (1947).

Further, the Commonwealth offers no reason why the five-day period is observed. It appears to be a simple device designed to force county governments "to bear the expense for such prisoners when such expense is by law the state's obligation." *Campbell County, supra,* 762 S.W.2d at 14.

In conclusion, we hold that the word "convict," as used in Ky. Const. § 254, refers to one who has been found guilty through a confession, plea or verdict of a felony crime proscribed by the state and has been sentenced to serve time in a state penal institution. The circuit court's ruling on this issue is affirmed. KRS 431.215(2) is unconstitutional under this same section of the Kentucky Constitution to the extent that it allows the Commonwealth to delay reimbursement to county jails for five days after the entry of judgment. The court's ruling on this issue is reversed.

KCJEA has also requested an order of mandamus requiring the Commonwealth to begin reimbursement in accordance with § 254 immediately. However, since the trial court has not ruled on this issue, we remand for further proceedings in light of this opinion.

All concur.