**COMMONWEALTH of Kentucky, Appellant,**

v.

**John GARNETT, Appellee.**

**No. 1998–CA–000776–MR.**

Court of Appeals of Kentucky.

April 16, 1999.

Discretionary Review Denied by Supreme Court Dec. 9, 1999.

A.B. Chandler, III, Attorney General, Todd D. Ferguson, Assistant Attorney General, Frankfort, Kentucky, for Appellant.

Elizabeth Shaw, Richmond, Kentucky, for Appellee.

Before HUDDLESTON, McANULTY and SCHRODER, Judges.

## OPINION

HUDDLESTON, Judge:

This is an appeal by the Commonwealth of Kentucky from a McCracken Circuit Court order granting John Garnett's motion to disallow the use of a 1991 conviction for operating a motor vehicle on a license suspended for driving under the influence (OSL) to enhance his current charge to a felony.

Garnett was indicted for, among other things, Operating a Motor Vehicle on a License Revoked or Suspended for Driving under the Influence, third offense, a Class D felony. Ky.Rev.Stat. (KRS) 189A.090. Garnett filed a motion to disallow the use of a 1991 OSL conviction to enhance his current OSL charge because the 1991 charge was more than five years old. In granting Garnett's motion, the trial court said: "The Court is of the opinion that convictions more than five (5) years old cannot be used for enhancement purposes,

because the legislature has set a five (5) year limitation for enhancement purposes under KRS 189A.010." [1]

KRS 189A.090 provides that:

(1) No person shall operate a motor vehicle while his license is revoked or suspended for violation of KRS 189A.010, nor shall any person who has no motor vehicle or motorcycle operator's license operate a motor vehicle while his privilege to operate a motor vehicle has been revoked or suspended for a violation of KRS 189A.010.

(2) Any person who violates subsection (1) of this section shall:

(a) For a first offense, be guilty of a Class B misdemeanor;

(b) For a second offense, be guilty of a Class A misdemeanor;

(c) For a third or subsequent offense, be guilty of a Class D felony.

(3) In addition to the penalties above his operator's license shall be revoked for twice the original period of revocation.

Unlike the DUI statute, KRS 189A.090 does not include a time limitation on the use of prior OSL convictions to enhance subsequent convictions. The Commonwealth argues that the trial court erred when it added the requirement that in order to use a prior conviction for enhancement purposes under KRS 189A.090 the conviction must have occurred within a five-year period. We agree.

Our task in this case is one of statutory construction. The interpretation of a statute is a matter of law. A reviewing court is not required to adopt the trial court's interpretation, but, rather, must interpret the statute according to the plain meaning of the act and in accordance with its intent. *Floyd County Bd. of Educ. v. Ratliff*, Ky., 955 S.W.2d 921, 925 (1997). A reviewing court is not at liberty to add or subtract from the legislative enactment

---

1. The sentencing provisions of the Driving Under the Influence statute (DUI), KRS 189A.010(4), analogous to KRS 189A.090(2), provide that only those DUI convictions that occurred within the past five years may be used to enhance subsequent DUI convictions.

nor discover meaning not reasonably ascertainable from the language used. *Commonwealth v. Frodge*, Ky., 962 S.W.2d 864, 866 (1998); *Beckham v. Board of Education*, Ky., 873 S.W.2d 575, 577 (1994). An appellate court is bound by the words chosen by the General Assembly. *Commonwealth, Transp. Cabinet, Bureau of Highways v. Roof*, Ky., 913 S.W.2d 322, 326 (1996). "The statute must be tested on the basis of what is said rather than what might have been said." *Musselman v. Commonwealth*, Ky., 705 S.W.2d 476, 478 (1986); *Estes v. Commonwealth*, Ky., 952 S.W.2d 701, 703 (1997).

 While liberal construction is proper to effect a beneficent purpose, a statute should not be construed so as to give it a meaning which the language of the statute does not fairly and reasonably support as "it is neither the duty nor the prerogative of the judiciary to breathe into the statute that which the Legislature has not put there." *Wilson v. SKW Alloys, Inc.*, Ky.App., 893 S.W.2d 800, 802 (1995) *quoting Gateway Construction Co. v. Wallbaum*, Ky., 356 S.W.2d 247, 248 (1962). Similarly, a court "may not interpret a statute at variance with its stated language." *Layne v. Newberg*, Ky., 841 S.W.2d 181, 183 (1992)(citing *Gateway Construction Co. v. Wallbaum*, Ky., 356 S.W.2d 247 (1962)). Moreover:

> Where a statute on its face is intelligible, the courts are not at liberty to supply words or make additions which amount, as sometimes stated to providing *casus omissus*, or cure an omission, however just or desirable it might be to supply an omitted provision. It makes no difference that it appears the omission was mere oversight.

*Commonwealth v. Allen*, Ky., 980 S.W.2d 278, 280 (1998) (*quoting Hatchett v. City of Glasgow*, Ky., 340 S.W.2d 248, 251 (1960)).

 KRS 189A.090 is a completely separate offense from KRS 189A.010. *Corman v. Commonwealth*, Ky.App., 908 S.W.2d 122, 124 (1995). It is clear from the language of the statute that the legislative intent is to raise the seriousness of the offense as well as the punishment based on the number of times a defendant has committed the offense of operating his motor vehicle while his license is suspended or revoked. *Estes v. Commonwealth*, Ky. App., 864 S.W.2d 317, 318 (1993). The plain and unambiguous language of KRS 189A.090 expresses that there are no time limits constraining the use of prior OSL convictions for enhancement of subsequent OSL convictions. "If the words of the statute are plain and unambiguous, the statute must be applied to those terms without resort to any construction or interpretation." *Kentucky Unemployment Insurance Comm. v. Kaco Unemployment Ins. Fund, Inc.*, Ky.App., 793 S.W.2d 845, 847 (1990) (*citing Delta Air Lines, Inc. v. Commonwealth, Revenue Cabinet*, Ky., 689 S.W.2d 14 (1985)); *Terhune v. Commonwealth*, Ky.App., 907 S.W.2d 779, 782 (1995). Consequently, the trial court erred when it applied the time limitation set forth in KRS 189A.010 to KRS 189A.090.

 Garnett suggests several alternative bases for affirming the trial court. He argues that KRS 189A.090 is unconstitutionally vague because it is "discriminately (sic) applied and does not provide fair warning." We disagree. The statute is, on its face, unambiguous and not at all vague: prior OSL convictions may be used to enhance later OSL convictions without regard to when the prior convictions occurred. The absence of a time-limitation renders this the only reasonable interpretation of the statute; there is no vagueness associated with the statute.

 Garnett argues that the statute is vague because KRS 186.018 directs the Transportation Cabinet to destroy records of moving traffic convictions that are more than five years old. However, the constitutionality of a particular statute is not based upon the existence of other statutes. *Kentucky County Judge/Executive Ass'n Inc. v. Commonwealth, Justice Cabinet,*

*Dept of Corrections,* Ky.App., 938 S.W.2d 582, 585 (1996). The provisions of KRS 186.018 do not alter our conclusion that KRS 189A.090 is neither vague nor ambiguous.

Garnett also contends that KRS 189A.090 is arbitrarily and discriminately enforced. In support of this argument, Garnett cites a single instance in which, under circumstances basically identical to those in this proceeding, McCracken Circuit Court denied a motion to suppress a prior OSL. The trial court reached a correct result in the earlier case; its erroneous ruling in the present case does not establish that KRS 189A.090 is arbitrarily and discriminately enforced.

Finally, Garnett advances an equal protection argument based upon the claim that because statewide traffic records only go back five years whereas individual counties maintain convictions older than five years, any given county would be likely to prosecute only those citizens whose prior offenses occurred in that county, but not those whose offenses occurred in other counties. At the suppression hearing, Garnett presented no witnesses in support of this contention, nor any factual studies, nor did he point to an instance of a prejudicial prosecution. Thus, this argument is speculative and has no evidentiary basis.

For the foregoing reasons, the order disallowing the use of Garnett's 1991 conviction for enhancement of his current charge is reversed and this case is remanded to McCracken Circuit Court for further proceedings.

ALL CONCUR.