COMMONWEALTH of Kentucky ex rel.
Ed W. HANCOCK, Attorney General, Petitioner,

v.

Carl D. MELTON, Judge, Henderson
Circuit Court, Respondent.

Court of Appeals of Kentucky.

May 17, 1974.

Ed W. Hancock, Atty. Gen., Kenneth A. Howe, Jr., Asst. Atty. Gen., Frankfort, Ulvester Walker, Commonwealth Atty., 51st Judicial District, Henderson, for petitioner.

CULLEN, Commissioner.

Donnie Stevens was received at the state penitentiary on October 22, 1973, to commence serving a two-year sentence under a conviction in the Henderson Circuit Court of illegally selling dangerous drugs. On February 26, 1974, the judge of the Henderson Circuit Court granted "shock probation" to Stevens. The Commonwealth, on relation of the Attorney General, then brought the instant original proceeding in this court, seeking an order of mandamus directing the circuit judge to set aside the order granting probation, on the ground that it was invalid because the time requirements of the statute, KRS 439.265, were not complied with.

The statute in pertinent part is as follows:

"(1) Subject to the provisions of KRS Chapter 439, any county or circuit court may, upon motion of the defendant made not earlier than thirty (30) days nor later than sixty (60) days after the defendant has been delivered to the keeper of the institution to which he has been sentenced, suspend the further execution of the sentence and place the defendant on probation upon such terms as the court determines. The court which tried the defendant may also suspend the sentence and place the defendant on probation upon its own motion, made within the same thirty-day period.

"(2) The court shall consider any motion filed in accordance with subsection (1) of this section within sixty (60) days of the filing date of that motion, and shall enter its ruling within ten (10) days after considering the motion. The defendant may, in the discretion of the trial court, have the right to a hearing on any motion he may file, or have filed for him, that would suspend further execution of sentence. Any court order granting or denying a motion to suspend further execution of sentence is not reviewable."

The chronology of the probation in the instant case commenced with Stevens' delivery to the penitentiary on October 22, 1973. Seven days later, on October 29, Stevens filed a motion for probation. That motion was premature because the statute does not permit a motion earlier than thirty days after delivery of the defendant to the penitentiary. On November 9 the circuit judge denied the motion, without statement of reasons. On February 26, 1974, however, the judge entered an order granting the probation. The latter order made reference to the October 29 motion (erroneously stating that the motion was filed more than thirty days after the delivery of Stevens to the penitentiary), and to the order of November 9 denying the motion; the order then recited that by reason of verbal reports from the superintendent of the penitentiary as to Stevens' excellent rehabilitation progress and in consideration of "various other factors" the November 9 order was "rescinded" and probation was granted. Although the order of February 26 makes no mention of any such motion, the judge's response in this court to the petition for mandamus states that on December 21, 1973 (the last day on which a motion for probation could have been *filed* under the statute, being the sixtieth day after delivery of Stevens to the penitentiary), Stevens' counsel "orally moved" that the order of November 9 be set aside and that Stevens be granted probation.

■ We first shall consider the contention of the respondent judge that this court has no authority to question the probation order because the statute, KRS 439.265, states that "Any court order granting or denying a motion to suspend further execution of sentence is not reviewable." We think it is obvious that this provision of the statute refers to a review *on the merits* of an order granting or denying a motion for probation. It does not, and could not constitutionally, deprive this court of its power to determine whether an order was within the *jurisdiction* of the circuit court as being within the authority granted by the statute.

■ On the question of jurisdiction we think it is clear that the order was not within the authority granted by the statute. Under the plain words of the statute a motion by the defendant must be *filed* within the thirty-day period that commences thirty days after delivery of the defendant to the penitentiary, and the court must enter its ruling not later than seventy days after the motion is filed. The alleged *oral* motion made by Stevens' counsel was not acceptable under the statute. Stevens' original written motion was premature and could not furnish the basis for an order, but even if it were considered a good motion the circuit court could not grant it, through the device of rescinding the previous order of denial, by an order entered 120 days after the motion was filed. The statute clearly intends that no order shall be entered later than seventy days after the motion is filed, without regard to what orders previously may have been entered on the motion. And it is equally clear that the seventy-day period is computed from the date the motion actually is filed, not from the last day allowable for the filing of a motion.

■ No contention has been made that the order of February 26 was valid as being one on the court's own motion, and no such contention would be valid because the provision of the statute authorizing a probation on the court's own motion plainly means that the *order* in such a case must be *entered* within the thirty-day period allowed for the filing of motions. The statute surely does not intend that a judge could frame within the confines of his mind a motion to himself and then be allowed seventy days thereafter in which to rule on that undisclosed motion.

■ Although we hold that the order of probation in the instant case was invalid, it does not follow that mandamus will be granted. On the contrary, we are denying mandamus, for the reasons hereinafter set forth.

The circuit judge's response herein contains undenied allegations of certain significant facts and circumstances. They are that at the time probation was granted, Stevens had pending in this court an appeal from the judgment of conviction under which he was confined, which appeal raised a serious question of the correctness of the judgment; he also had pending in the circuit court a motion under RCr 11.42 to set aside the judgment of conviction; the order of probation was granted in accordance with an agreement proposed by Stevens' counsel that if probation were granted Stevens would dismiss the appeal and the RCr 11.42 proceeding; and following the entry of the probation order Stevens did dismiss the appeal and the RCr 11.42 proceeding. An additional undenied allegation was that at the time the probation order was entered Stevens had only three months to serve before becoming eligible for parole.

Under the rationale of Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427, and Wood v. Commonwealth, Ky., 469 S.W.2d 765, it is clear, we think, that if the Commonwealth's part of the bargain should fail of performance, Stevens would have to be relieved of his part of the bargain, which means that if the probation order were set aside Stevens' appeal and RCr 11.42 proceeding would have to be reinstated.

In the circumstances it is our opinion that the potential injury to be suffered by the Commonwealth by letting the probation order stand is not of such proportion as to warrant the invoking by this Court of the extraordinary remedy of mandamus.

The petition for mandamus is denied.

All concur.