Wathen E. VIERS, III, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 2000–SC–0486–DG.

Supreme Court of Kentucky.

Aug. 23, 2001.

**15.** *Lawson, supra* note 13 at § 10.00 at 538.

Fred R. Radolovich, Louisville, for appellant.

A.B. Chandler III, Attorney General of Kentucky, Ian G. Sonego, Assistant Attorney General, Criminal Appellate Division, Office of the Attorney General, Frankfort, for appellee.

## OPINION OF THE COURT

JOHNSTONE, Justice.

Appellant, Wathen E. Viers, III, was convicted of first-degree trafficking in a controlled substance and second-degree persistent felony offender. He was sentenced to twenty years' imprisonment. The judgment credited Viers with 981 days of prior jail time. Three and one-half years later, the trial court entered an amended judgment that stripped Viers of all his jail time credit. Viers challenged the trial court's jurisdiction to enter the amended judgment. The trial court concluded that it had jurisdiction to amend the judgment as a "clerical error" under RCr 10.10 and rejected the challenge. Viers then appealed this ruling to the Court of Appeals, which ultimately affirmed the trial court. We conclude that the amended judgment involved a judicial error rather than a clerical error and, therefore, reverse.

The Court of Appeals believed that *Cardwell v. Commonwealth*, Ky., 12 S.W.3d 672 (2000), compelled it to affirm the trial court. In *Cardwell*, the defendant was convicted of second-degree manslaughter and fourth-degree assault and was sentenced to a total of ten years' imprisonment. *Id.* at 673. At sentencing, the trial court ordered that this ten-year sentence was to be served consecutively to a five-year sentence Cardwell had received as a result of two convictions in an unrelated case. *Id.* But the written judgment failed to provide that the ten-year sentence was to be served consecutively to the other five-year sentence. *Id.* About eight months after the entry of the written judgment, the trial court entered an amended judgment that specifically provided that the ten-year sentence was to be run consecutively to the previous five-year sentence. *Id.* at 674.

In *Cardwell*, we held that the entry of the amended judgment was permissible as a correction of a clerical error under RCr 10.10. *Id.* at 675. In so holding, we noted that the amended judgment did no more than correct the judgment to accurately reflect the oral judgment pronounced by the trial court at sentencing. *Id.* at 674. Thus, *Cardwell* merely holds that the incorrect reduction of an oral judgment to

writing is a clerical error, which can be corrected under RCr 10.10 when the record unmistakably reveals what the oral judgment was. The error in this case is far removed from the one in *Cardwell.*

In the case at bar, the sentence imposed at sentencing—including the jail time credit—is clearly and accurately reflected in the subsequent written judgment. The amended judgment, which takes away all jail time credit, is inconsistent with the oral judgment rendered at sentencing. Thus, *Cardwell* does not provide authority for the trial court's action. Further, we do not believe that the error committed in this case was a clerical error within the meaning of RCr 10.10.

▪ The trial court calculated the jail time credit based on information contained in the pre-sentence report. Apparently—though it is not clear from the record—the report failed to indicate that Viers had been in jail while serving a federal sentence. After this oversight came to its attention, the trial court amended the judgment on the basis that it had no authority to give jail credit for time spent serving a federal sentence. *See* KRS 532.120(3). Thus, there was no error in reducing the oral judgment to writing. Rather, the error, if any, arose in the compilation of information for the pre-sentence report. Nonetheless, because the trial court had no discretion in the allocation of jail time credit, the Court of Appeals concluded that the error was not the product of judicial reasoning and determination and, thus, was a clerical error under *Cardwell.*

▪ On review, the question of whether an error is "judicial" or "clerical" turns on whether the amended judgment embodies the trial court's oral judgment as expressed in the record. *See Presidential Estates Apartment Associates v. Barrett,* 129 Wash.2d 320, 917 P.2d 100, 103 (1996).

If it does, then the error is clerical in that the amended judgment either corrects language that is inconsistent with the oral judgment, or supplies language that was inadvertently omitted from the oral judgment. *See id.* at 104. But if it does not, then the error must be judicial. In this case, the amended judgment does not embody or reflect the oral judgment of the trial court as revealed in the record.

▪ Rendering a judgment based on incomplete or false information is not a clerical error. "An error in the rendition of judgment is judicial error." *H.E. Butt Grocery Co. v. Pais,* 955 S.W.2d 384, 388 (Tex.App.1997). In this case, the record clearly shows that the original written judgment—rather than the amended judgment—accurately reflects the oral judgment as rendered. "An incorrectly rendered judgment cannot be altered when the written judgment precisely reflects the incorrect rendition." *Id.* Therefore, we hold that the trial court erred in amending its judgment as the correction of clerical error under RCr 10.10.

For the reasons set forth above, we reverse the Court of Appeals and remand this case to the Bullitt Circuit Court with directions to vacate its amended judgment that took away Viers' jail time credit.

All concur.