Dayron Castellanos HIDALGO, a/k/a Dayron Castellanos, Real Party in Interest, Appellant

v.

COMMONWEALTH of Kentucky, et al., Appellees.

Hon. A.C. McCay Chauvin, Judge, Jefferson Circuit Court, Cross–Appellant

v.

Commonwealth of Kentucky, et al., Cross–Appellees.

Nos. 2008–SC–000429–MR, 2008–SC–000518–MR.

Supreme Court of Kentucky.

June 25, 2009.

As Modified Sept. 11, 2009.

 

Paul S. Gold, Louisville, KY, Counsel for Dayron Castellanos Hidalgo.

Max Harding Comley, Stewart Christopher Burch, Logan & Gaines, PLLC, Frankfort, KY, Counsel for Hon. A.C. McCay Chauvin.

Jeanne Deborah Anderson, Office of the Attorney General, Office of Criminal Appeals, Frankfort, KY, Teresa Ann Young, Assistant Commonwealth's Attorney, Louisville, KY, Counsel for Commonwealth of Kentucky.

Opinion of the Court by Justice CUNNINGHAM.

On June 22, 2007, Appellant, Dayron Castellanos Hidalgo, a/k/a Dayron Castellanos, and a co-defendant robbed a Cash Express business using a BB gun. Appellant was subsequently indicted on one count of robbery in the first degree. During plea negotiations, the Commonwealth offered to amend the charge to robbery in the second degree if Appellant would refrain from seeking probation or shock probation. At sentencing on January 7, 2008, Appellant supplemented the pre-sentence investigative report with statements regarding his good character, even though he was not technically asking for probation. The Commonwealth objected and the Jefferson Circuit Court denied probation. However, the court stated that it would consider shock probation if it had authority to do so *sua sponte*. The court set a status/scheduling hearing in sixty days, at which time it would let the parties know if shock probation would be considered and, if so, the date of the shock probation hearing. The Commonwealth objected and moved to set aside the plea and take the case to trial.

At the March 10, 2008 status hearing, the circuit court, on its own motion, sched-

uled a shock probation hearing for April 23, 2008. The Commonwealth objected and sought a writ of prohibition from the Court of Appeals. The Court of Appeals granted the writ on the basis that the trial court was acting outside its jurisdiction. Appellant then appealed that decision to this Court, and the Hon. A.C. McCay Chauvin filed a cross-appeal.

The sole issue on appeal is the authority of the circuit court to *sua sponte* conduct a hearing on shock probation. For the following reasons, we affirm the decision of the Court of Appeals.

▮ The Court of Appeals has broad discretion in the issuance of writs of prohibition, and each case must be considered on its own merits. *Chamblee v. Rose,* 249 S.W.2d 775, 776 (Ky.1952). Because writs interfere with the proceedings of a trial court and the efficient dispatch of our appellate duties, the courts of this Commonwealth have formulated a rule governing the discretionary choice between issuing a writ and relegating a petitioner to the right to appeal. *Hoskins v. Maricle,* 150 S.W.3d 1 (Ky.2004). This Court has consistently held that a writ of prohibition is appropriate in two circumstances: 1) when the lower court is acting without or beyond its jurisdiction and there is no adequate remedy through an application to an intermediate court; or 2) when the lower court is acting erroneously within its jurisdiction, and there exists no adequate remedy by appeal or otherwise and great injustice and irreparable injury would result. *Id.* at 10. This case is an example of the lower court acting beyond its jurisdiction.

▮ The proper standard of review of a decision to deny a writ of prohibition depends on the class of writ case. *Grange Mut. Ins. Co. v. Trude,* 151 S.W.3d 803, 810 (Ky.2004). De novo review is generally the proper standard where the lower court is alleged to be acting outside its

jurisdiction, because jurisdiction is generally only a question of law. *Id.* Thus, we review the granting of the writ de novo, giving no deference to the judgment below. *Id.*

"Shock probation" is purely a creature of statute. KRS 439.265(1) provides in relevant part:

> Subject to the provisions of KRS Chapter 439 and Chapters 500 to 534, any Circuit Court may, *upon motion of the defendant* made not earlier than thirty (30) days nor later than one hundred eighty (180) days after the defendant has been incarcerated in a county jail following his conviction and sentencing pending delivery to the institution to which he has been sentenced, or delivered to the keeper of the institution to which he has been sentenced, suspend the further execution of the sentence and place the defendant on probation upon terms the court determines. Time spent on any form of release following conviction shall not count toward time required under this section. (Emphasis added.)

▮ The plain language of KRS 439.265(1) requires the defendant to make a motion for shock probation. Appellant's reliance on 439.265(2) is also misplaced. KRS 439.265(1) provides the framework for the circuit court to acquire jurisdiction to consider shock probation. Subsection (2) of that statute is concerned only with the defendant's right to a hearing in response to motions "filed in accordance with subsection (1) of this section." KRS 439.265(2). "This statute only *establishes a trial court's jurisdiction* after the passage of 30 days imprisonment *upon conviction and motion of the defendant.*" *Commonwealth v. Gross,* 936 S.W.2d 85, 87 (Ky.1996) (emphasis added). Because Appellant did not file a motion pursuant to

KRS 439.265, and indeed could not as part of his plea agreement, the circuit court lacked jurisdiction to order a hearing or consider shock probation. A writ of prohibition, therefore, "is appropriate ... to prevent [the] lower court from exceeding the lawful power or authority with which it is invested or from assuming some power not authorized by law ...; as for example, when the court proceeds contrary to the dictates of a relevant statute." *Corns v. Transportation Cabinet, Dept. of Highways, Commonwealth of Ky.*, 814 S.W.2d 574, 578 (Ky.1991).

■ The trial court had the option of accepting the plea agreement or rejecting it. RCr 8.10. By accepting the agreement, the court cannot then circumvent its terms by its own actions. Also, we recognize in this decision that "shock probation" is procedurally much different than outright probation. The latter requires no overt act by the defendant, but must be considered by the court in all eligible cases, regardless of what the Commonwealth agrees to recommend. KRS 533.010(2). The court may grant outright probation against the recommendation of the Commonwealth's Attorney in the plea agreement. In such a case, it neither violates the plea agreement nor is acting outside its jurisdiction.

Based upon all of the foregoing, the order of the Court of Appeals granting the writ of prohibition is hereby affirmed.

All sitting. All concur.