Bobby Gene BROWN, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 2009–CA–001272–MR.

Court of Appeals of Kentucky.

Oct. 22, 2010.

Ryan VanTrease, Louisville, KY, for appellant.

Jack Conway, Attorney General of Kentucky, Todd D. Ferguson, Assistant Attorney General, Frankfort, KY, for appellee.

Before COMBS, KELLER, AND LAMBERT, JUDGES.

*OPINION*

KELLER, Judge:

In April 2006, Bobby Gene Brown (Brown) pled guilty to several counts of theft by deception and to being a persistent felony offender in the first degree. In August 2006, the trial court sentenced Brown to a total of eleven years' imprisonment on those charges. In January 2009, the Commonwealth filed a motion asking the court to amend its sentence and to order Brown to pay restitution to his victims. Over Brown's objection, the trial court granted the Commonwealth's motion. It is from this order that Brown now appeals. For the reasons set forth below, we reverse and vacate.

FACTS

On June 20, 2005, August 8, 2005, and March 21, 2006, Jefferson County grand juries indicted Brown on nineteen counts of theft by deception of more than $300.00, one count of theft by deception of less than $300.00, and one count of being a persistent felony offender in the first degree (PFO I). The thefts occurred when Brown billed various customers a total of $58,692.00 for construction work that he did not perform.

On April 20, 2006, Brown entered a plea of guilty. In exchange for that plea, the Commonwealth offered a sentence of eleven years' imprisonment or probation that, if violated, would result in a sentence of thirty-five years' imprisonment. The agreement also provided that Brown would make restitution and, to the extent he did so, any probationary sentence would be reduced. Brown testified that he understood the agreement, entered into it freely, and that he wanted to make restitution. Brown then asked the court to delay imposing a sentence until August 2006 so that he could earn money to start making restitution.

On April 24, 2006, the court entered three judgments on guilty plea, one for each of Brown's indictments. We note that the judgments on guilty plea that are associated with case numbers 06–CR–000946 and 05–CR–002478 are essentially the same. The judgment on guilty plea in case number 05–CR–001911 is worded somewhat differently. However, in all three judgments, the court noted the terms of the plea agreement, including the amount of restitution owed. Pursuant to Brown's request, the court set the sentencing hearing for August 10, 2006.

At the sentencing hearing, Brown stated that he had just obtained employment and had not been able to pay any restitution. He reiterated his intent to do so and asked the court to probate his sentence. The court noted Brown's prior convictions and that Brown had previously violated probation/parole, and it sentenced him to eleven years' imprisonment. The court's judgment of conviction and sentence did not contain any reference to restitution.

In 2009, Brown was paroled. Brown's parole officer noted that the judgment of conviction and sentence did not contain any restitution order. He contacted the Commonwealth's Attorney's office and asked it to move the court for an amended judgment of conviction and sentence so that restitution could be made a condition of Brown's parole.

The Commonwealth filed the requested motion. After a hearing and over Brown's objection, the court amended the judgment of conviction and sentence. In doing so, the court noted that it had some concern that it had lost jurisdiction because the Commonwealth had not sought a restitution order within ninety days of sentencing. Nonetheless, the court, relying on Kentucky Rule of Criminal Procedure (RCr) 10.10, amended the judgment of conviction and sentence and added the following language: "Defendant is ordered to make restitution to any victims identified either in the AOC 491.1 forms, victim impact statements, or restitution applications filed of record herein." Because the court believed the Parole Board had the authority to determine the exact amounts owed and the appropriate payees, the court did not specify what amount Brown owed or to whom. Therefore, the court "transferred" the Commonwealth's motion "to the Parole Board for determination of the details of how much restitution is to be paid, to whom, and on what schedule, pursuant to KRS 439.563(2)."

It is from this order that Brown appeals.

## STANDARD OF REVIEW

Whether the trial court acted outside its jurisdiction in amending the judgment of conviction and sentence is a question of law, which we review *de novo. Carroll v. Meredith,* 59 S.W.3d 484, 489 (Ky.App. 2001).

## ANALYSIS

Brown argues that, because the judgment of conviction and sentence had been final for three years, the trial court did not have jurisdiction to amend it. The Commonwealth argues that, under RCr 10.10, the trial court had jurisdiction.

RCr 10.10 provides that:

Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders.

As noted by the parties, whether RCr 10.10 applies depends on whether the trial court's failure to mention restitution in its initial judgment of conviction and sentence

was a clerical mistake that arose from oversight or omission.

Both parties cite *Cardwell v. Commonwealth,* 12 S.W.3d 672 (Ky.2000), as supportive of their positions. Cardwell pled guilty to two charges of operating a motor vehicle under a revoked or suspended license and received a total sentence of five years' imprisonment on the two convictions. He then stood trial for murder, was found guilty of manslaughter and assault, and received a total sentence of ten years. In open court, with Cardwell present, the trial court ordered the five-year and the ten-year sentences to run consecutively for a total of fifteen years' imprisonment. However, when the trial court reduced its sentence to writing, it did not specify that the two sentences should run consecutively. Approximately eight months later, the trial court entered an amended judgment stating that the sentences were to run consecutively.

 A divided Supreme Court of Kentucky held that the trial court legitimately corrected a clerical error. In doing so, the majority stated that there is a distinction between clerical errors, which are correctable under RCr 10.10, and judicial errors, which are not.

> [T]he distinction turns on whether the error "was the deliberate result of judicial reasoning and determination, regardless of whether it was made by the clerk, by counsel, or by the judge." *Buchanan v. West Kentucky Coal Company,* Ky., 218 Ky. 259, 291 S.W. 32, 35 (1927). "A clerical error involves an error or mistake made by a clerk or other judicial or ministerial officer in writing or keeping records...." 46 Am.Jur.2d, Judgments § 167.

*Id.* at 674.

The Commonwealth argues that Brown agreed to make restitution as part of his plea agreement, that restitution was incorporated into the court's judgment on that plea, and that Brown admitted during several court appearances that he was obligated to and was going to make restitution. Therefore, the court's omission of restitution in its sentence was simply a clerical error "arising from error or omission." On the other hand, Brown argues that the same evidence shows that the judge was keenly aware that restitution was a factor in the plea agreement but that she made a judicial determination to exclude it from her sentence.

Although the language in *Cardwell* is instructive, it is distinguishable from the case herein. In *Cardwell,* the judge specifically stated at the sentencing hearing that the sentences were to run consecutively. Although the judge herein and the parties discussed restitution, the judge did not specifically state at the sentencing hearing that she was making restitution part of the sentence. Therefore, unlike in *Cardwell,* there is no specific statement by the judge that contradicts the written sentence.

In addition to *Cardwell,* Brown cites to *Viers v. Commonwealth,* 52 S.W.3d 527 (Ky.2001). In *Viers,* the trial court stated in court that it was giving Viers credit for time served. The court then set forth that credit in its written order. Sometime later, the court discovered that it had granted the credit in error and that no credit was due. The court then issued an amended sentence, deleting the credit. Viers appealed and the Supreme Court revisited the distinction between clerical and judicial errors.

> [T]he question of whether an error is "judicial" or "clerical" turns on whether the amended judgment embodies the trial court's oral judgment as expressed in the record. *See Presidential Estates Apartment Associates v. Barrett,* 129

Wash.2d 320, 917 P.2d 100, 103 (1996). If it does, then the error is clerical in that the amended judgment either corrects language that is inconsistent with the oral judgment, or supplies language that was inadvertently omitted from the oral judgment. *See id.* at 104. But if it does not, then the error must be judicial. *Id.* at 529.

As with *Cardwell, Viers* is distinguishable. The oral and written sentences in *Viers* were consistent, although they were premised on faulty information. Here, the court had sufficient and correct information, but it did not specifically make restitution a part of Brown's sentence either orally or in writing.

We are persuaded that *Rollins v. Commonwealth,* 294 S.W.3d 463 (Ky.App.2009), most closely resembles the case herein and is controlling. Rollins pled guilty to a number of counts of arson and received a sentence of ten years' imprisonment. "The final judgments provided that Rollins would pay restitution with 'the amount of full restitution to be determined.'" *Id.* at 464. Rollins "served out" his sentence and the Commonwealth filed a motion seeking an order of restitution. The court granted the Commonwealth's motion over Rollins's objection and ordered Rollins to pay $183,317.50 in restitution.

On appeal, this Court pointed out several errors by the trial court. First, we held that an order of restitution must set the amount of restitution to be paid, which the trial court's original sentencing order failed to do. *Id.* at 465. Second, we noted that a post-sentence petition for restitution must be filed within 90 days of sentencing. Because the Commonwealth waited more than seven years to seek an order of restitution, its motion was time barred. Third, we noted that "the mention of restitution in the plea agreement, at best, indicate[s] that a restitution claim would be forthcoming from the Commonwealth." *Id.* at 466. In order to protect that claim, the Commonwealth is required to file a petition within 90 days of sentencing. Fourth, we noted that "[a] court loses jurisdiction ten days after the entry of final judgment, and such jurisdiction can only be renewed or extended by statute or rule." *Id.* The only statute that extends that period is KRS 431.200, which requires the filing of a petition within 90 days. The only rule that extends that time is RCr 10.10, which provides for the correction of clerical errors. This Court held that the trial court's mistaken belief that the original restitution order was sufficient was not a clerical error but a mistake involving a matter of substance. *Id.* at 466–67. We characterized that error as judicial error and not subject to correction under RCr 10.10. Therefore, we held that the trial court lacked the ability to correct its faulty restitution award. *Id.* at 467.

As in *Rollins,* Brown agreed to pay restitution as part of his plea agreement and the court acknowledged that agreement. Furthermore, it appears that Brown and the Commonwealth contemplated and agreed that restitution would be part of the sentence. However, the judge did not incorporate that agreement into the sentence. The failure to incorporate that agreement into the sentence, like the court's failure to specify the amount of restitution in *Rollins,* is substantive and not simply a clerical error. Thus, the court's failure to include restitution in the original sentence was not properly the subject of an RCr 10.10 motion/petition. Furthermore, the Commonwealth failed to file a petition asking the court to set restitution within the required ninety days. Therefore, the Commonwealth's petition was not properly before the court and the court's amended order and judgment must be reversed and vacated.

■ Finally, even if the amended sentence were permissible under RCr 10.10, it would not be a valid restitution order because it does not specify the amount to be paid as required by KRS 532.033(3). *Rollins*, 294 S.W.3d at 465.

## CONCLUSION

For the foregoing reasons, we reverse and vacate the trial court's "Order Addressing Restitution and Correcting 8/22/06 Judgment of Conviction and Sentence."

ALL CONCUR.