**COMMONWEALTH of Kentucky, Appellant,**

**v.**

**Michael Todd SETTLES, Appellee.**

**NO. 2012–CA–000638–MR**

Court of Appeals of Kentucky.

RENDERED: APRIL 29, 2016; 10:00 A.M.

---

Briefs for Appellant: Jack Conway, Attorney General of Kentucky, Dorislee Gilbert, Special Assistant Attorney General, Louisville, Kentucky.

Brief for Appellee: J. David Niehaus, Louisville, Kentucky.

BEFORE: COMBS, J. LAMBERT, AND VANMETER, JUDGES.

## OPINION

VANMETER, JUDGE:

KRS[1] 439.265(2) directs that the trial court shall consider any motion for shock probation within 60 days of its filing and enter a ruling within 10 days after considering the motion. Hence, the trial court has a total of 70 days from the time of filing to make a ruling on a motion for shock probation. Here, the Commonwealth appeals from the Jefferson Circuit Court's order granting Michael Todd Settles shock probation on his conviction of attempted rape in the first degree more than 70 days after the motion for shock probation was filed. For the following reasons, we vacate the trial court's order granting shock probation for want of jurisdiction.

### I. Factual and Procedural Background

On October 8, 2010, a jury convicted Settles of one count of criminal attempt to commit first-degree rape and recommended a sentence of nine-years' imprisonment; the trial court sentenced Settles in agreement with the jury's recommendation. Although Settles was eligible for probation, the trial court denied probation finding that probation would "unduly de-

---

1. Kentucky Revised Statutes.

preciate the seriousness of the offense." On May 16, 2011, Settles moved the court for shock probation. The trial court held a hearing on Settles' motion on August 23, 2011. The Commonwealth objected to shock probation because Settles had not accepted responsibility for his crime.

The trial court asked Settles to submit a written statement regarding his culpability for the crime and to dismiss his pending direct appeal of his sentence to avoid the possibility that the victim and her family would have to endure another trial. The trial court further explained its intention to confirm how Settles was behaving in prison, and took the matter under submission. On August 30, 2011, the trial court ordered the prison to submit a brief report regarding Settles' conduct while at the institution. The Department of Corrections submitted a responsive letter, and on October 10, 2011, Settles filed a supplement to his motion for shock probation in the form of a letter detailing his responsibility for the attempted rape. The trial court entered an order on April 2, 2012, granting Settles' motion for shock probation. From that order, the Commonwealth appeals.

Following entry of the trial court's order granting shock probation, the Commonwealth filed an emergency motion to stay the decision pursuant to RCr[2] 12.76(4), arguing that the trial court lacked jurisdiction to grant shock probation more than 70 days after the motion was filed due to the clear language of KRS 439.265. Additionally, the Commonwealth asked the trial court to reconsider its grant of shock probation. The trial court suggested that its August 30, 2011 order seeking information from the prison served to grant the court additional time to consider the motion. The trial court granted a temporary stay of its order, and scheduled a hearing to more thoroughly consider the Commonwealth's request for a stay.

The Commonwealth also filed a motion for an emergency stay with this court. In response, Settles filed a motion to dismiss the appeal, arguing that KRS 439.265(2) prohibited the Commonwealth's appeal. On April 20, 2012, the trial court entered an order dissolving the temporary stay it had granted and explaining why it believed it had jurisdiction to grant the motion for shock probation. On April 24, 2012, this court entered an order denying Settles' motion to dismiss and granting the Commonwealth's motion for an emergency stay, noting that the Commonwealth demonstrated a likelihood of success regarding the jurisdiction issue, and questioning whether shock probation is available to a prisoner convicted of attempted rape in the first degree.[3] Settles filed a second motion to dismiss, which this court also denied. The appeal was held in abeyance for some time, but is now ripe for consideration.[4]

**2.** Kentucky Rules of Criminal Procedure.

**3.** The Commonwealth admits that it conceded, possibly incorrectly, that Settles was eligible for shock probation despite KRS 439.265(4), which prohibits shock probation for violent offenders as defined in KRS 439.3401. The Commonwealth does not argue this issue in its brief, and therefore we shall not address it.

**4.** Settles argues that this appeal is moot, but we agree with the Commonwealth that this issue is one capable of repetition, yet evading review. When a trial court exceeds the 70-day limit in granting shock probation, the offender is likely to be released on parole—which is what happened in this case—before the Commonwealth has an opportunity to have the alleged jurisdictional error considered on appeal. Since the Commonwealth is a party in all motions for shock probation, a reasonable likelihood exists that the Commonwealth will be subjected to the same action again. Thus, this issue falls into the "capable of repetition, yet evading review" exception to the mootness doctrine, and we will consider

## II. Standard of Review

■ Because the issue of whether the trial court had jurisdiction to grant Settles' motion for shock probation is a question of law, we review it *de novo*. *See Hidalgo v. Commonwealth*, 290 S.W.3d 56, 58 (Ky. 2009) ("*De novo* review is generally the proper standard where the lower court is alleged to be acting outside its jurisdiction, because jurisdiction is generally only a question of law[ ]"); *Brown v. Commonwealth*, 326 S.W.3d 469, 471 (Ky.App.2010) ("Whether the trial court acted outside its jurisdiction in amending the judgment of conviction and sentence is a question of law, which we review *de novo* [ ]").

## III. Argument

■ The Commonwealth argues that the trial court did not have jurisdiction to enter an order granting Settles' motion for shock probation because the order was entered more than 70 days after the motion was filed. KRS 439.265, the shock probation statute, provides in relevant part:

(1) Subject to the provisions of KRS Chapter 439 and Chapters 500 to 534, any Circuit Court may, upon motion of the defendant made not earlier than thirty (30) days nor later than one hundred eighty (180) days after the defendant has been incarcerated in a county jail following his conviction and sentencing pending delivery to the institution to which he has been sentenced, or delivered to the keeper of the institution to which he has been sentenced, suspend the further execution of the sentence and place the defendant on probation upon terms the court determines. Time spent on any form of release following

the Commonwealth's appeal. *See Bolton v. Irvin*, 373 S.W.3d 432, 434 (Ky.2012).

conviction shall not count toward time required under this section.

(2) **The court shall consider any motion filed in accordance with subsection (1) of this section within sixty (60) days of the filing date of that motion, and shall enter its ruling within ten (10) days after considering the motion.** The defendant may, in the discretion of the trial court, have the right to a hearing on any motion he may file, or have filed for him, that would suspend further execution of sentence. **Any court order granting or denying a motion to suspend further execution of sentence is not reviewable.**

(emphasis added). As a general rule, a trial court loses jurisdiction over a criminal case ten days after entry of a final judgment. CR [5] 59.05; *see Commonwealth v. Gross*, 936 S.W.2d 85, 87 (Ky.1996). However, the trial court is provided an exception to that rule by KRS 439.265, jurisdiction "granted for the limited purpose of considering shock probation." *Gross*, 936 S.W.2d at 87.

■ Although KRS 439.265 provides the trial court with jurisdiction outside the usual ten days following entry of a final judgment, "the authority granted by the shock probation statute is limited by the time constraints outlined in the statute[.]" *Prater v. Commonwealth*, 82 S.W.3d 898, 906 (Ky.2002). Strict compliance with the time limits established in KRS 439.265 is required. *See Terhune v. Commonwealth*, 907 S.W.2d 779, 782 (Ky.App.1995) (holding that strict compliance with the 30–180–day time limit set forth in KRS 439.265(1) is required).

Since this court has required strict compliance with the time limits set forth in KRS 439.265(1) for offenders filing mo-

5. Kentucky Rules of Civil Procedure.

tions for shock probation, we must also require that the courts strictly comply with the time limits set forth in KRS 439.265(2). The trial court must address a motion for shock probation within 60 days of the motion's filing and enter a ruling within 10 days after considering the motion or the trial court loses jurisdiction over the case; in other words, an order granting or denying a motion for shock probation may not be entered more than 70 days after the motion is filed. Accordingly, the question we must now address is whether the trial court in this instance strictly complied with the time limits set forth in KRS 439.265(2).

Settles filed his motion on May 16, 2011 and the trial court originally scheduled a hearing on the motion for July 13, 2011; the hearing did not actually take place until August 23, 2011, 99 days after Settles' motion was filed.[6] Then, the court entered the order inquiring into Settles' behavior while incarcerated on August 30, 2011, 7 days after the hearing on the motion. The final order granting Settles' shock probation was entered April 2, 2012, more than 320 days after the filing of the original motion. Settles argues that the trial court's order seeking information from the institution in which Settles was incarcerated constitutes a ruling entered within 10 days of the trial court's consideration of the motion.

The Kentucky Supreme Court has specifically addressed the court's time limit for ruling on a motion for shock probation when multiple orders are entered on the motion: "[t]he statute clearly intends that

no order shall be entered later than seventy days after the motion is filed, **without regard to what orders previously may have been entered on the motion.**" *Commonwealth ex rel. Hancock v. Melton,* 510 S.W.2d 250, 252 (Ky.1974) (emphasis added). In *Melton,* the Supreme Court found that a trial court's amended order granting shock probation more than 70 days after the motion was filed was untimely, even though the trial court had previously entered an order denying the motion in a timely fashion. *Id.*

 The plain language of KRS 439.265(2) states that the court "shall enter its **ruling** within ten (10) days after considering the motion." (emphasis added). *Melton* establishes that even if an order ruling on the motion for shock probation is timely entered, the trial court's jurisdiction is not extended, nor is the 70–day period for a ruling tolled for entry of an additional order. The trial court's August 30, 2011 order seeking information, although within the 10–day time period, was clearly not a ruling on the motion for shock probation; it did not grant or deny the motion, it merely ordered the institution to provide information to assist the court in making its decision. If a timely order **ruling** on the motion is insufficient to grant the trial court additional jurisdiction over the case, an order simply seeking information certainly cannot toll the time for entry of a ruling.[7]

## IV. Conclusion

Since the trial court's order granting Settles' motion for shock probation was

---

6. Although it seems that the trial court may have violated KRS 439.265(2) by failing to consider the motion, i.e. hold a hearing, within 60 days of the motion's filing, the parties do not specifically argue this point; they simply argue that the court did not enter a ruling within the total 70–day limit. Thus, we will only address that contention.

7. Even if we assume that the August 30, 2011 order restarted the clock, the trial court's April 2, 2012 ruling was still untimely. Even if we start the clock from the time of Settles' filing of a supplemental motion for shock probation on October 10, 2011, the trial court's ruling was untimely.

not entered until more than 320 days after Settles' motion was filed, the trial court did not strictly comply with KRS 439.265(2), and was, therefore, without jurisdiction to enter such an order.

For the foregoing reasons, the order of the Jefferson Circuit Court is vacated for a lack of jurisdiction.

ALL CONCUR.