NICKELL, JUDGE:
Ora Walker has appealed from the Perry Circuit Court's September 13, 2017, entry of an amended judgment and sentence on plea of guilty purporting to correct a sentencing error from the original judgment and sentence on a plea of guilty entered seven years earlier on July 9, 2010. The amended judgment increased the period of Walker's postincarceration supervision[1] from three years to five years to comport with statutory requirements. Walker argues the trial court had no jurisdiction to correct a judicial error following the lapse of such a significant amount of time. Following a careful review, we affirm.
Walker pled guilty to seven felony offenses in 2010-three counts of sodomy in the second degree,[2] three counts of unlawful transaction with a minor in the first degree,[3] and one count of rape in the second *366 degree.[4] He received a sentence of ten years' imprisonment. During the sentencing hearing, the trial court questioned whether recent decisions of the Supreme Court of Kentucky invalidated statutory requirements related to periods of conditional discharge for sexual offenses.[5] Upon satisfying itself such periods remained appropriate and were required to be imposed on persons convicted of crimes under KRS Chapter 510, the trial court sentenced Walker to a three-year period of conditional discharge following release from incarceration or parole. A written judgment and sentence on plea of guilty was entered on July 9, 2010, setting forth the terms of Walker's sentence, including the three-year period of conditional discharge.
On August 4, 2017, the Perry Circuit Court received a letter from a representative of the Kentucky Department of Corrections (DOC) requesting clarification regarding the length of Walker's period of postincarceration supervision. DOC questioned the validity of the three-year period as that time frame directly conflicts with KRS 532.043 which explicitly requires a five-year period of postincarceration supervision. The trial court convened hearings on August 31 and September 7, 2017, to resolve the apparent conflict.
Following these hearings, the trial court concluded KRS 532.043 required a five-year period of postincarceration supervision at the time of Walker's crime, plea, and sentencing. The trial court also noted the plea agreement made no mention of conditional discharge. Over Walker's objection, it entered an amended judgment lengthening the period of postincarceration supervision to five years to comply with the statutory requirements. This appeal followed.
Walker contends the trial court was without jurisdiction to amend the original sentencing order to correct a judicial error. He alleges the trial court lost jurisdiction to do so ten days following its entry pursuant to CR[6] 59.05. He argues the error was not clerical so as to bring it under the purview of RCr[7] 10.10 which permits an exception to the ten-day rule. Walker maintains the original written judgment accurately reflected the trial court's oral pronouncement and could therefore not be amended, citing Viers v. Commonwealth , 52 S.W.3d 527, 529 (Ky. 2001). Following a careful review, we conclude Viers is inapplicable to the matter at bar, the recent holding in Phon v. Commonwealth , 545 S.W.3d 284 (Ky. 2018), is controlling, and we discern no error.
It is undisputed Walker's initial sentence of postincarceration supervision was contrary to the applicable statutory requirements. As such, that portion of his sentence was void as a matter of law.
"Whether recommended by an errant jury or by the parties through a plea agreement, a sentence that is outside the limits established by the statutes is still an illegal sentence." [ McClanahan v. Commonwealth , 308 S.W.3d 694, 701 (Ky. 2010) ]. Furthermore, an illegal sentence simply cannot stand uncorrected.... "A sentence that lies outside the statutory limits is an illegal sentence, and the imposition of an illegal sentence *367 is inherently an abuse of discretion." Id. "Our courts must not be complicit in the violation of the public policy embedded in our sentencing statutes by turning a blind eye to an unlawful sentence, regardless of a defendant's consent." Id. ... Further, "an appellate court is not bound to affirm an illegal sentence just because the issue of the illegality was not presented to the trial court." Spicer v. Commonwealth , 442 S.W.3d 26, 35 (Ky. 2014) (quoting Jones v. Commonwealth , 382 S.W.3d 22, 27 (Ky. 2011) ).
Phon v. Commonwealth , 545 S.W.3d 284, 302 (Ky. 2018).
The trial court correctly modified Walker's sentence of postincarceration supervision to comply with the clear mandate of KRS 532.043. Failure to do so would have been an abuse of discretion and made the trial court complicit in imposing an illegal sentence and thus violating the separation of powers doctrine through inaction. Thus, we hold, on the strength of Phon , the trial court acted within its jurisdiction-irrespective of any time limits imposed by rule-when it entered the amended judgment because Walker's sentence was illegal and had been illegal from imposition. Id. at 304. Correction of an illegal sentence is an inherent and necessary power of a trial court. There was no error.
Therefore, for the foregoing reasons, the judgment of the Perry Circuit Court is affirmed.
ALL CONCUR.

Postincarceration supervision was formerly known as conditional discharge; those two terms shall be used interchangeably in this opinion.

Kentucky Revised Statutes (KRS) 510.080, a Class C felony.

KRS 530.064, a Class C felony.

KRS 510.050, a Class C felony.

In Jones v. Commonwealth , 319 S.W.3d 295 (Ky. 2010), our Supreme Court concluded a portion of KRS 532.043 related to the method of revoking a conditionally discharged sentence violated the separation of powers doctrine and was therefore unconstitutional. However, the remaining provisions of the statute were not impacted and remain valid.

Kentucky Rules of Civil Procedure.

Kentucky Rules of Criminal Procedure.