THOMPSON, L., JUDGE:
The Commonwealth of Kentucky appeals from the grant of Keith Reed's motion for shock probation. The Commonwealth argues that Appellee is not eligible for shock probation because he committed a violent crime and because the order granting shock probation was untimely entered. We find no error and affirm.
Byron Knott was living with Appellee on March 24, 2016. On that date, a number of people were gathered at Appellee's home socializing outside. Appellee, who was initially inside the residence, eventually exited and began complaining about the people outside. Appellee began arguing with Andrea Love, the mother of Mr. Knott's child. Mr. Knott got between Ms. Love and Appellee. Appellee and Mr. Knott began arguing and Mr. Knott punched Appellee. Mr. Knott and Appellee then began fighting on the ground. Ms. Love and Appellee's paramour tried to break up the fight, with Ms. Love punching Appellee.
Eventually the fight ended, and Appellee went inside the house. Appellee returned outside with a baseball bat. Mr. Knott took the bat away from Appellee. Appellee then went back inside and retrieved a kitchen knife and a cell phone. He then went back outside. Appellee was on the porch of the residence with the knife in one hand and the phone in the other. Appellee called 911.
Mr. Knott, with the bat, then approached Appellee. After yelling at one another, Mr. Knott threw the bat away and stated that the two should "fight like men." Appellee did not drop the knife. Mr. Knott then punched Appellee and Appellee stabbed Mr. Knott. Mr. Knott died from the stab wound. Appellee was found guilty by a jury of reckless homicide and being a persistent felony offender in the first degree. Appellee was sentenced to fifteen years in prison.
On March 28, 2018, Appellee timely filed a motion for shock probation. The court held a hearing on the matter. The Commonwealth argued that Appellee should not be granted shock probation because he committed a violent act. The court disagreed with the Commonwealth's argument and granted Appellee shock probation. This appeal followed.
The Commonwealth's first argument on appeal is that Appellee is not entitled to shock probation. The relevant statutes at issue are Kentucky Revised Statute (KRS) 439.265, the conditional discharge statute, and KRS 532.080, the persistent felony *469 offender statute. KRS 439.265 states in relevant part:
(1) Subject to the provisions of KRS Chapter 439 and Chapters 500 to 534, any Circuit Court may, upon motion of the defendant made not earlier than thirty (30) days nor later than one hundred eighty (180) days after the defendant has been incarcerated in a county jail following his conviction and sentencing pending delivery to the institution to which he has been sentenced, or delivered to the keeper of the institution to which he has been sentenced, suspend the further execution of the sentence and place the defendant on probation upon terms the court determines. Time spent on any form of release following conviction shall not count toward time required under this section.
(2) The court shall consider any motion filed in accordance with subsection (1) of this section within sixty (60) days of the filing date of that motion, and shall enter its ruling within ten (10) days after considering the motion. The defendant may, in the discretion of the trial court, have the right to a hearing on any motion he may file, or have filed for him, that would suspend further execution of sentence. Any court order granting or denying a motion to suspend further execution of sentence is not reviewable.
KRS 532.080(7) concerns shock probation for people convicted of being a persistent felony offender in the first degree, which applies to Appellee. KRS 532.080(7) states in relevant part that:
A person who is found to be a persistent felony offender in the first degree shall not be eligible for probation, shock probation, or conditional discharge, unless all offenses for which the person stands convicted are Class D felony offenses which do not involve a violent act against a person or a sex crime as that term is defined in KRS 17.500, in which case, probation, shock probation, or conditional discharge may be granted.
The Commonwealth argues that Appellee was not entitled to shock probation because he was convicted of reckless homicide, a Class D felony. According to KRS 532.080(7), only Class D felonies that do not involve violent acts against a person are eligible for shock probation. Appellee argues that this issue is not reviewable because KRS 439.265(2) states that a court's decision regarding shock probation is not reviewable.
We agree with Appellee as to this issue. "Under the doctrine of in pari materia , statutes having a common purpose or subject matter must be construed together." Commonwealth v. Kash , 967 S.W.2d 37, 44 (Ky. App. 1997). KRS 439.265 and KRS 532.080(7) both concern issues of shock probation; therefore, they must be construed together. KRS 439.265(2) was interpreted by the Kentucky Supreme Court in Commonwealth ex rel. Hancock v. Melton , 510 S.W.2d 250 (Ky. 1974). In that case, the Court held that reviewing the merits of a shock probation decision is prohibited by KRS 439.265(2). The Court further held that the only shock probation issue that a reviewing court can consider is whether the circuit court had jurisdiction to enter the order.
KRS 532.080(7) does not define "violent act against a person[.]" Because it is not defined, it is up to the trial court to determine if a defendant has committed a violent act against a person for the purposes of shock probation. The Commonwealth states in its brief that a trial judge must have the ability to "consider the nature of the offense and the resulting harm to determine if the defendant should be denied probation because the crime consisted of a 'violent act[.]' " We agree that the court should determine if an act is violent to *470 prohibit shock probation. It appears from the court's order in this case that the court did not deem Appellee's act to be violent so as to prohibit shock probation. This is a decision on the merits; therefore, according to KRS 439.265(2), we cannot review it.
The Commonwealth's second argument, however, does concern jurisdiction. Jurisdictional issues are reviewed de novo. Commonwealth v. Settles , 488 S.W.3d 626, 629 (Ky. App. 2016). The Commonwealth argues that the court was without jurisdiction to grant shock probation because the order was entered more than 10 days after the shock probation hearing. This issue revolves around the first sentence of KRS 439.265(2) which states that "[t]he court shall consider any motion filed in accordance with subsection (1) of this section within sixty (60) days of the filing date of that motion and shall enter its ruling within ten (10) days after considering the motion."
As a general rule, a trial court loses jurisdiction over a criminal case ten days after entry of a final judgment. [Kentucky Rule of Civil Procedure (CR) ] 59.05 ; see Commonwealth v. Gross , 936 S.W.2d 85, 87 (Ky. 1996). However, the trial court is provided an exception to that rule by KRS 439.265, jurisdiction "granted for the limited purpose of considering shock probation." Gross , 936 S.W.2d at 87.
Although KRS 439.265 provides the trial court with jurisdiction outside the usual ten days following entry of a final judgment, "the authority granted by the shock probation statute is limited by the time constraints outlined in the statute[.]" Prater v. Commonwealth , 82 S.W.3d 898, 906 (Ky. 2002). Strict compliance with the time limits established in KRS 439.265 is required....
Since this court has required strict compliance with the time limits set forth in KRS 439.265(1) for offenders filing motions for shock probation, we must also require that the courts strictly comply with the time limits set forth in KRS 439.265(2). The trial court must address a motion for shock probation within 60 days of the motion's filing and enter a ruling within 10 days after considering the motion or the trial court loses jurisdiction over the case; in other words, an order granting or denying a motion for shock probation may not be entered more than 70 days after the motion is filed.
Settles , 488 S.W.3d at 629-30.
Appellee filed his motion on March 28, 2018. A hearing was held on April 20, 2018, which is within the 60-day timeframe. The order granting shock probation was entered on June 4, 2018, which was 45 days after the hearing. However, the order was entered 68 days after the motion was filed, within the overall 70-day timeframe. The issue of whether an order is valid when entered more than 10 days after a hearing, but within the 70-day timeframe, is an issue of first impression.[1] The cases cited by the parties, and those found by this Court, all concern shock probation motions filed too early or too late, or shock probation *471 orders entered outside the 70-day timeframe.
We believe that the 60-day timeframe for considering the motion and the 10-day timeframe for entering an order are, individually, merely a scheduling guideline. The overall 70-day timeframe is the one that decides jurisdiction. The shock probation statute states that the court shall consider a motion within 60 days. What does it mean to "consider" the motion? Does a court consider the motion when it reads the motion and response? Does a court consider the motion when a hearing is held? Does a court consider the motion when it reviews all the arguments presented at the hearing and in the motion? The Commonwealth assumes that the motion is considered when a hearing is held; however, KRS 439.265(2) states that hearings are not mandatory, but are within the discretion of the court. If hearings are not mandatory, then that cannot be the bright line rule for when a motion for shock probation is considered. It would be hard to pinpoint the exact day when the court considered the motion. We conclude that the court maintains jurisdiction for 70 days after a motion for shock probation is filed. As long as an order is entered within 70 days, the order is valid.
Based on the foregoing, we affirm the judgment of the Jefferson Circuit Court.
CLAYTON, CHIEF JUDGE, CONCURS.
JONES, JUDGE, DISSENTS AND FILES SEPARATE OPINION.

However, Settles , 488 S.W.3d at 630 n.6, states the following:
Although it seems that the trial court may have violated KRS 439.265(2) by failing to consider the motion, i.e. hold a hearing, within 60 days of the motion's filing, the parties do not specifically argue this point; they simply argue that the court did not enter a ruling within the total 70-day limit. Thus, we will only address that contention.
While this is similar to the issue at hand, the issue was not put forth to the Court in Settles . This is dicta and is not binding on this Court. We only note this to illustrate the lack of binding precedent on the issue before us.