RENDERED:  APRIL 1, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1136-MR

LASHAWN JOHNSON                                                          APPELLANT

APPEAL FROM JEFFERSON CIRCUIT COURT
v.          HONORABLE BRIAN C. EDWARDS, JUDGE
ACTION NO. 08-CR-001545

COMMONWEALTH OF KENTUCKY                                    APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CLAYTON, CHIEF JUDGE; CETRULO AND GOODWINE, JUDGES.

CETRULO, JUDGE:  LaShawn Johnson (Johnson), a *pro se* Kentucky prisoner, appeals from the Jefferson Circuit Court order entered on July 8, 2019, which denied his motion for post-conviction relief.  After careful review of the record, applicable statutes, and case law, we affirm.

## I.    BACKGROUND

In 2009, Johnson was convicted of first-degree robbery, first-degree burglary, and being a first-degree persistent felony offender (PFO).  The jury recommended a sentence of 15 years' imprisonment on both the burglary and robbery convictions, and then recommended an enhancement of each sentence to 25 years' imprisonment upon finding him guilty of being a PFO.  The jury recommended the sentences be served concurrently, and the trial court accepted the jury's recommendation.

On direct appeal to the Kentucky Supreme Court,[1] Johnson challenged the jury instructions and the trial court's failure to hold an evidentiary hearing on his motion to suppress DNA evidence.  *Johnson v. Commonwealth*, 327 S.W.3d 501 (Ky. 2010).  The Kentucky Supreme Court rejected Johnson's arguments and affirmed the trial court's judgments.  *Id*. at 503.

Then in 2011, Johnson filed a motion to vacate, set aside or correct the judgment pursuant to Kentucky Rule of Criminal Procedure (RCr) 11.42, arguing that counsel was ineffective.  In that motion, Johnson argued counsel was ineffective for failing to investigate the credibility and motivations of the victim, failing to prepare for trial, permitting unlawful DNA evidence to be admitted at

---

[1] KY. CONST. § 110(2)(b) allows the Kentucky Supreme Court to hear direct appeals from circuit court judgments imposing a prison sentence of twenty years or more.

trial, and failing to ensure that the jury was properly instructed. Johnson also

argued judicial misconduct and prosecutorial misconduct. The trial court denied

the RCr 11.42 motion without an evidentiary hearing, and this Court affirmed.

*Johnson v. Commonwealth*, No. 2012-CA-000320-MR, 2013 WL 1776029 (Ky.

App. Apr. 26, 2013). The Kentucky Supreme Court denied his petition for

discretionary review.

Johnson then filed a petition for a writ of *habeas corpus* in the United

States District Court for the Western District of Kentucky. *Johnson v. White*, No.

3:14-CV-514-DJH-CHL, 2018 WL 1304841 (W.D. Ky. Mar. 13, 2018). Johnson

claimed:

> (1) the trial court erred by failing to instruct the jury that
> they could not find him guilty unless they determined
> that the weapon he used during the crime was a deadly
> weapon; (2) his DNA evidence was illegally obtained
> and admitted into evidence; (3) counsel was ineffective
> for failing to inform the trial court that Johnson wanted to
> represent himself; (4) counsel was ineffective for failing
> to present a complete defense by asking the victim
> certain questions; and (5) counsel was ineffective during
> sentencing for failing to investigate the sentencing laws
> and to object to false testimony.

*Johnson v. White*, No. 18-6300, 2019 WL 2462661, at *1 (6th Cir. Apr. 12, 2019).

The federal district court denied his petition. *Id.* Johnson appealed, and the Sixth

Circuit affirmed. *Id*. at *3.

-3-

Next, Johnson filed a motion to correct a clerical error. The motion was denied by the Jefferson Circuit Court and is the matter currently on appeal.

## II.    ANALYSIS

As the proper interpretation of Kentucky statutes is an issue of law, our review is *de novo*. *Delphi Auto. Systems, LLC v. Cap. Cmty. Econ./Indus. Dev. Corp., Inc.*, 434 S.W.3d 481, 485 (Ky. 2014).

Johnson now argues he is entitled to post-conviction relief due to a "clerical error." His argument is somewhat unclear, but we believe Johnson argues (1) that he should have been allowed to present evidence at trial as to the "nature" of his prior offenses; (2) his sentencing phase was flawed because the probation and parole officer gave incorrect information during his testimony; and (3) that his constitutional rights were violated during sentencing due to a misapplication of the PFO statute.

The Commonwealth contends that Johnson's claims are procedurally improper because (1) RCr 10.10 is an inappropriate avenue for relief because his contentions have nothing to do with clerical errors in his court records; (2) Johnson should have raised his claims on direct appeal; and (3) his arguments are unpreserved. As to the merits of Johnson's arguments, the Commonwealth argues that (1) Johnson was not entitled to attack his prior convictions; (2) any incorrect

penalty phase testimony does not warrant relief; and (3) Johnson's penalty phase did not violate his constitutional rights.

We observe that Kentucky Rule of Civil Procedure (CR) 73.02(2)[2] vests considerable discretion in appellate courts to determine the appropriate manner to deal with procedural error. While deciding cases on the merits is a primary objective of appellate procedure, *Young v. J.B. Hunt Transp., Inc.*, 781 S.W.2d 503, 504 (Ky. 1989), the procedural issues herein cannot be ignored. The Kentucky Supreme Court has been clear that the appellate process is important but not infinite. *Hollon v. Commonwealth*, 334 S.W.3d 431 (Ky. 2010), *as modified on denial of reh'g* (Apr. 21, 2011).

> [O]ur rules governing review of a trial court's final judgment in a criminal case are meant to be organized and complete. The rules related to direct appeals, RCr 11.42, and [CR] 60.02 collectively create a structure that "provides for wide-ranging opportunities for a defendant to challenge in all respects the legality and fairness of his conviction and sentence." *Foley v. Commonwealth*, 306 S.W.3d 28, 31 (Ky. 2010). At each stage in this structure the defendant is required to raise all issues then amenable to review, and generally issues that either were or could have been raised at one stage will not be entertained at

---

[2] CR 73.02(2) states, "[t]he failure of a party to file timely a notice of appeal, cross-appeal, or motion for discretionary review shall result in a dismissal or denial. Failure to comply with other rules relating to appeals or motions for discretionary review does not affect the validity of the appeal or motion, but is ground for such action as the appellate court deems appropriate, which may include: (a) A dismissal of the appeal or denial of the motion for discretionary review, (b) Striking of pleadings, briefs, record or portions thereof, (c) Imposition of fines on counsel for failing to comply with these rules of not more than $500, and (d) Such further remedies as are specified in any applicable Rule."

any later stage. *Gross v. Commonwealth*, 648 S.W.2d 853 (Ky. 1983). This structure, wide-ranging but also finite and complete, is an attempt to balance society's and the defendant's interest in just and accurate criminal convictions with society's and the court's interest in the ultimate finality of judgments.

*Id.* at 437.

Johnson received a direct appeal in 2010, after his original sentencing. *Johnson*, 327 S.W.3d 501. Then, he appealed again arguing an RCr 11.42 motion. *Johnson*, 2013 WL 1776029. Then in 2018, he took his appeal to the Federal Courts. *Johnson*, 2018 WL 1304841, and *Johnson*, 2019 WL 2462661. Now, he is again challenging the merits of the case, but with an inapplicable rule. Despite Johnson's arguments, the motion currently on appeal relates to alleged *clerical errors*. According to RCr 10.10,

> [c]lerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is perfected in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court.

> The Kentucky Supreme Court elucidated on what errors fall within

this rule.

> RCr 10.10, allows for the correction in orders and other parts of the record of clerical mistakes. A clerical mistake, we have noted, is a mistake "made by a clerk or

> other judicial or ministerial officer in writing or keeping records." *Cardwell v. Commonwealth*, 12 S.W.3d 672, 674 (Ky. 2000) (citation and internal quotation marks omitted). Stated otherwise, it is "[a]n error resulting from a minor mistake or inadvertence, esp. in writing or copying something on the record, and not from judicial reasoning or determination." *Black's Law Dictionary*, 622 (9th ed. 2009).

*Rogers v. Commonwealth*, 366 S.W.3d 446, 452 (Ky. 2012).

A few examples of clerical errors that *can be corrected* under this rule include: (1) correcting a time on a warrant, *id*.; (2) correcting a discrepancy between a written judgment and the trial court's oral recitation, *Machniak v. Commonwealth*, 351 S.W.3d 648, 654 (Ky. 2011), *see also Cardwell v. Commonwealth*, 12 S.W.3d 672, 674 (Ky. 2000); and (3) allowing an unsigned judgment of a previous felony conviction to be signed by another court *nunc pro tunc* in order to be used to establish PFO status. *Hargrave v. Commonwealth*, 724 S.W.2d 202, 205 (Ky. 1986).

Here, Johnson's alleged errors are not "clerical" in nature, but rather "judicial." While clerical errors are correctable under RCr 10.10, judicial errors are not. *Brown v. Commonwealth*, 326 S.W.3d 469, 472 (Ky. 2010).

> [T]he distinction [between clerical and judicial errors] turns on whether the error "was the deliberate result of judicial reasoning and determination, regardless of whether it was made by the clerk, by counsel, or by the judge." *Buchanan v. West Kentucky Coal Company*, Ky., 218 Ky. 259, 291 S.W. 32, 35 (1927).

*Id.* at 472.

Here, Johnson challenges trial evidence, sentencing testimony, and interpretation of statute; these issues are based on judicial reasoning and therefore beyond the scope of RCr 10.10. Therefore, the motion to correct clerical error pursuant to RCr 10.10 was correctly denied. Accordingly, the judgment of the Jefferson Circuit Court is AFFIRMED.

ALL CONCUR.

BRIEFS FOR APPELLANT:

LaShawn Johnson, *pro se*
West Liberty, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Christopher Henry
Assistant Attorney General
Frankfort, Kentucky